MARION CASE AND ESTHER CASE v. NORMAN GREEN AND
MARVIN SPRINGSTEIN.

*Adverse possession—Estoppel—Dower.*

1. Adverse possession is held as against one's grantor by one who has taken a warranty deed of the premises in reliance on the record title and in ignorance of any life-lease outstanding in the grantor.

2. Where a grantor on giving a warranty deed, delivers to the grantee an outstanding life-lease held by him, he is estopped from claiming afterward that the deed did not convey the interest held under the lease; and so are all who claim in privity with the grantor.

3. No inchoate right of dower attaches to land held by a married couple under a life-lease from the husband's father, even though the latter has died and his only remaining heir has quitclaimed to the husband.

Error to Clinton.    (V. H. Smith, J.)    April 23.—June 4.

EJECTMENT.    Plaintiff brings error.    Affirmed.

*S. L. Kilbourne* for appellants.    He is no " purchaser in good faith " without notice who buys from some one who does not appear by the record to be owner : *Shotwell v. Harrison* 22 Mich. 410 ; *Smith v. Williams* 44 Mich. 244 ; the recording laws do not reach the case of a grantor who conceals his true title by deed or lease, and represents to the purchaser that he takes by descent : How. Stat. § 5683 ; *Columbia Bank v. Jacobs* 10 Mich. 349 ; *Moran v. Palmer* 13 Mich. 375 ; *Sands v. Davis* 40 Mich. 14 ; but see *Burns v. Berry* 42 Mich. 176 ; a conveyance of land to husband and wife creates a tenancy in entirety with the right of survivorship that it is only necessary to call attention to it : *Fisher v. Provin* 25 Mich. 347 ; *Ætna Ins. Co. v. Resh* 40 Mich. 241 ; *Manwaring v. Powell* 40 Mich. 371 ; *McCurdy v. Canning* 64 Penn. St. 39 ; *F. & M. Bk. v. Gregory* 49 Barb. 155 ; the husband may alien such lands for his own life but the wife may enjoy them thereafter : *Ketchum v. Walsworth* 5 Wis. 95 ; *Pierce v. Chace* 108 Mass. 254 ; *Cincinnati v. Newell* 7 Ohio St. 37 ; *Purcell v. Goshorn* 17 Ohio 105 ; *Foster v. Dennison* 9 Ohio 121–5 ; *Sharp v. Bailey* 14 Iowa 387 ; *Bruce v. Wood* 1 Met. 542 ; *Lufkin v. Curtis* 13 Mass. 223 ; *Kitchell v. Mudgett* 37 Mich. 81 ; the joining of both would not carry the wife's separate estate : 3 Washb. R. P. 228 ; *Griffin v. Sheffield* 38 Miss. 393 ; *Agl. Bank v. Rice* 4 How. 225.

*J. L. Topping* and *A. C. Baldwin* for appellees.    An estate by entireties is not affected by the Married Woman's Act : *Fisher v. Provin* 25 Mich. 347 ; whatever would defeat the husband's title would defeat the wife's : *Manwaring v. Powell* 40 Mich. 371 ; *Jacobs v. Miller* 50 Mich. 119 ; *Doe v. Howland* 8 Cow. 277 ; by a conveyance to husband and wife they each have the entire estate as one person, and on

the death of one the entire estate remains in the survivor: *Wright v. Saddler* 20 N. Y. 320; *Farm. & Mech. Bank of Rochester v. Gregory* 49 Barb. 155; *Hemingway v. Scales* 42 Miss. 1; husband and wife take but one estate, being by the common law deemed but one person: *Taul v. Campbell* 7 Yerg. 319; estates for years or for life may be levied upon and sold on execution: *Adams v. French* 2 N. H. 387; *McClure v. Melaedy* 44 N. H. 469; *Barr v. Doe* 6 Blackf. 335; *Barber v. Root* 10 Mass. 260; *Chapman v. Gray* 15 Mass. 439; *Roberts v. Whiting* 16 Mass. 186; *Montague v. Gay* 17 Mass. 439; *Howell v. Woolfort* 2 Dall. 75; *Dazzell v. Lynch* 4 W. & S. 255.

CHAMPLIN, J. Plaintiffs brought ejectment to recover a parcel of land on section two in the township of De Witt, Clinton county, containing one hundred and seven acres.

Both parties claim title through William Case, who was the grandfather of Marion Case.

William Case, being seized of this land in fee in 1858, made, executed, acknowledged and delivered to Hiram S. Case, his son, and Rebecca Ann Case, wife of Hiram S., a lease of this land, dated October 13, 1858, and acknowledged October 16, 1858; and Hiram S. and wife, as appears by the evidence, shortly after the delivery of this instrument to them, went into possession of this land thereunder.

This lease purports to convey to Hiram S. Case and Rebecca Ann Case, husband and wife, a lease of this land for life, and for the life of the survivor; a remainder for life to Adelbert Case, their son, retaining the reversion in fee in the grantor, William Case.

This lease was never recorded.

William Case died at Saline, Washtenaw county, in 1859, leaving him surviving, as his heirs, Hiram S. Case, his son, and Jenny B. Rice, his daughter.

Jenny B. Rice executed a quitclaim deed of this and other lands to Hiram S. Case, her brother, dated March 1, 1862, recorded March 8, 1862.

Hiram S. Case and Rebecca Ann Case, his wife, being in possession of this land in December, 1862, made, executed, acknowledged and delivered to Norman C. Green, one of the

defendants, a warranty deed thereof, the deed bearing date December 15, 1862, acknowledged by Hiram S., December 15, 1862, and by Rebecca Ann, December 16, 1862.

Case and wife, in a short time after giving this deed, removed from the land in controversy to Fowlerville, and Green went into possession of the same by his tenant, and has remained in the actual possession thereof up to the commencement of this suit, claiming the title in fee; Marvin Springstein being Green's tenant at the commencement of the suit.

Hiram S. Case died on the twenty-fourth day of April, 1882. Rebecca Ann Case, widow of Hiram S., executed a quitclaim deed of the land in suit to the plaintiffs, dated May 3, 1883, recorded May 10, 1883.

There was parol proof offered on the part of the defendant by William Sturgis, a witness sworn on the trial, which tended to prove that he made a bargain with Hiram S. Case, in December, 1862, to exchange an interest which he, Sturgis, had in a hotel in Fowlerville, and the furniture therein, for this land in De Witt. That he went to De Witt and saw this land at the time they were making the bargain. Talked the matter over at Case's house in the presence of his wife, Rebecca Ann Case. Heard nothing of any lease. Supposed he was trading for the title in fee. That he, being indebted to Green, had the deed from Case and wife made to Green, and Case and wife immediately thereafter moved into the hotel, and took possession of it and the furniture therein. That the hotel interest which he conveyed to them had cost him about $3000, and the furniture was worth $700.

Norman C. Green gave evidence tending to show that the first he knew of this matter he was sent for to come to Fowlerville. Went there and found Sturgis and Case had made a bargain for an exchange of property; that in pursuance thereof a warranty deed was made of this De Witt land by Hiram S. Case and wife to him, subject to a mortgage thereon of $500, which Case had given to some party in Detroit. That the deed was made out at Fowlerville, and signed and acknowledged at that place by Hiram S. That he went with

Case to De Witt the next day after, and the deed was then and there signed and acknowledged by Rebecca Ann. That upon the deed being made and delivered to him he released certain mortgage interests which he had on the Fowlerville Hotel and furniture. Sturgis conveyed to Case the hotel property. He took possession of the farm ; Case and wife of the hotel and furniture. Heard nothing said of any lease. Saw an abstract of the title. Case claimed to own the land in fee by inheritance from his father, and by conveyance from Jenny B. Rice, his sister. That he first learned of this lease in 1864.

On the part of the plaintiffs, in rebuttal, Rebecca Ann Case gave evidence tending to show that when Green came to De Witt with her husband to have her sign and acknowledge the deed, she got this lease at the request of her husband, and gave it to him, and he took it out in the yard in front of the house where Green was, and she thinks gave it to Green.

Esther Case, one of the plaintiffs, gave testimony tending to show that she saw Green at De Witt at this time ; that he was at her house and talked with her father and her about this lease.

These are substantially the material facts relating to this issue, as appears by the record.

There are three reasons why plaintiffs cannot recover :

1st. If, as defendants' evidence tended to prove, Green made the purchase in entire ignorance of any life-lease outstanding in Hiram S. and Rebecca Case, and in reliance upon the record title (*Atwood v. Bearss* 47 Mich. 72), then he is entitled to hold the premises by title based upon adverse possession. He went into possession under his deed from Hiram S. and Rebecca Case, in December, 1862, and this suit was not instituted until after May 10, 1883, during which time the possession of the defendant Green has been " actual, continued, visible, notorious, distinct and hostile " to any claim of Rebecca or Hiram S. Case based upon the life-estate granted by William Case ; during all which time, if they had not conveyed their life-estate, they had a right of entry.

Therefore they are conclusively presumed to have granted to Green whatever interest or estate they had in the premises so possessed by him.

2d. If, as plaintiffs contend, and as their testimony tended to prove, Rebecca Case, at the time she executed the deed to Green, actually produced and delivered to him the life-lease from William Case to Hiram S. and herself, then she and those claiming by privity of contract from her, are estopped from asserting that the deed from Hiram S. Case and herself did not, or was not intended to, convey the estate and interest which Hiram S. and Rebecca Case had in the premises under and by virtue of such lease.

3d. Owing to the nature of the estate held by Hiram S. and Rebecca Case in the land at the time they conveyed to Green, Rebecca had no inchoate right of dower in the premises; and if her deed did not convey her life-estate, it conveyed nothing. She must be held, therefore, to have conveyed her life-estate by joining with her husband in the covenants of the deed to Green.

There was no error in the ruling of the circuit judge in refusing to submit the questions to the jury proposed by plaintiffs' counsel, or in directing a verdict for defendants, and the judgment is affirmed.

The other Justices concurred.