JAMES W. CUTHRELL, Adm'r of Wright Hays, and JAMES T. ALSOP v. JANE R. HAWKINS.

*Estoppel—Evidence.*

The maker of a deed is estopped to prove that, *at the time of the execution thereof,* he had no such estate or title in the property as it proposes to convey, but he is not debarred from showing that he has subsequently acquired another independent title consistent with the provisions of the deed.

(*Eddleman* v, *Carpenter,* 7 Jones, 616; *Reynolds* v. *Cathens,* 5 Jones, 437, and *Johnson* v. *Farlow,* 13 Ired., 84, cited and approved).

CIVIL ACTION tried before *Shipp, Judge,* at May Term, 1887, of Halifax Superior Court.

There was judgment for the plaintiffs, and defendant appealed.

The case made in the pleadings is as follows:

On March 4th, 1875, the plaintiff, John T. Alsop, agreed with the defendant to make 'advances in the sum of two hundred dollars in supplies required to make a crop, to se-cure the payment of which, when due on December 1st following, the defendant conveyed to him the tract of land now claimed. The supplies were accordingly furnished, and nothing has been paid for them, and the mortgage, as alleged, has been transferred to one Wright Hays, plaintiff

Cuthrell's intestate. The demand is for the payment of the debt and the foreclosure and sale of the premises for that purpose.

The answer, among other defences, states that the land belonged to Arthur McDaniel, who, at his death, devised it to the defendant for life with remainder for her children, except William D. Faucett, then living, and the issue of such as may have died leaving issue then living; that it becoming necessary to pay his debts, his administrator, with the will annexed, instituted proceedings to sell the same, and having obtained license in 1878 or 1879, sold and conveyed the same to William D. Faucett, to hold in trust for himself, and upon the trust mentioned in James McDaniel's will, the defendant being one of the *cestui que trusts* to the extent of a ¾ interest in the whole. The jury, in response to the two issues as to the plaintiff's right to the property and the bar of the statutes of limitations, found them both in favor of the plaintiff.

Upon the trial the defendant proposed to prove by record and documentary evidence, the facts set out in her answer and relied on as a defence to the action on its merits, but the Court refused to allow of its introduction, ruling that the mortgage deed of defendant operated as an estoppel upon her, and she was not permitted to controvert the plaintiff's title.

*Mr. John A. Moore*, for plaintiff.
*Mr. R. O. Burton, Jr.*, for defendant.

SMITH, C. J., (after stating the case). The form of the deed under which the alleged estoppel arises, is not set out in the transcript, and we cannot see what estate it undertakes to pass, nor whether it has supporting covenants of warranty. It must be deemed to have intended to pass such estate as the defendant then had in the premises and no more, and

this was an estate for her life, subject to the contingency of being sold by the personal representative, as in fact it was subsequently sold to meet the necessities of the estate. At this sale the land was bought with trust funds derived from another source as already stated.

Under such circumstances, does an estoppel intervene and exclude proof of the facts mentioned? The defendant does not attempt to deny the operation and effect of her deed in divesting her life estate under the testator's will and passing it to the mortgagee, and this the law does not leave her at liberty to do.

It is said in the notes of the American Edition to the Dutchess of Kington's Case, 2 Smith L. Cases, 625, to have been repeatedly decided "that no estate can be passed by deed either at common law or under the statute, which is not vested in interest at the time of the grant, and that a deed which fails as a conveyance, cannot be set up as an estoppel even as against the grantor and those claiming under him by descent or purchase." Yet the contrary is held in many States when there is a warranty, and the writer controverts this qualification as unsupported by principle.

In *Moore* v. *Willis*, 2 Hawks, 559, HENDERSON, J., says, that if A sell to B by indenture, he thereby affirms that he has title when he makes his deed, and if he had not, and afterwards acquire one, in an action by him against B, the title of the latter prevails, "not because A passed to him any title by his deed, for he had none then to pass, but because A is precluded from showing the fact."

But this is not the case here presented. The evidence rejected was to prove that a life estate did pass under the deed, which had terminated, and consistently with this the acquirement of the land by another, the only interest of the defendants being in the trustee's distribution of its fruits. An estoppel, when resulting from the execution of a deed, disables the bargainor to prove that *at the time he possessed no*

*estate in the land*, or such an estate and interest as it proposes to transfer, but it does not debar him from sharing an *after acquired* estate consistent with the provisions of the deed.

In *Johnson* v. *Farlow*, 13 Ired., 84, a party conveyed the land, and afterwards remained in possession, holding adversely for more than seven years, but he had no color of title, except that under the deed of a former bargainor to himself. This he was not allowed to do, PEARSON, J., saying that "if McCracken had taken a deed from a third person, that would have been color of title, and seven years' absolute possession under it, would in the language of the cases, have ripened it into a perfect title, thus originating what did not exist at the date of his deed, for the averment of this new title would not be inconsistent with the admission which he was bound to make, that his deed had passed the title to the lessor."

Again, under circumstances not dissimilar, the bargainor, while remaining in possession, made a deed to another, who entered and held adversely for seven years, title was held to have vested in the bargainee under the second deed. *Reynolds* v. *Cathens*, 5 Jones, 437. The ruling is carried still further, as intimated in *Johnson* v. *Farlow, supra*, and it was held, that the bargainor, who after such conveyance took a new deed from a stranger, and entered and held possession adversely for seven years against the world, had acquired a new estate, which must prevail over that he previously undertook to pass. *Eddleman* v. *Carpenter*, 7 Jones, 616. Nor is the present case affected by these rulings. An estate for life, subject to the contingency of being put an end to by proceedings such as were adopted and were required by the exigencies of the testator's estate, was conveyed. It might have been undisturbed but for this necessity. The trust fund created under another will, has been under direction of the Court invested in the purchase of this land, and the terms of this trust forbid that the defendant should have

any control of it. The trustee is dead, and none substituted in his place, and made a party to the action. The defendant has been singled out, and a recovery of the land sought by virtue of a deed made when she had an estate which has run out.

We do not concur in the ruling that shuts the door of inquiry into all these essential facts, or that this is the legal result of the alleged estoppel.

We forbear to proceed with the other demand for a judgment for the debt, or to enquire into the sufficiency of the statutory bar thereto, or the claim to allow satisfaction out of the life interest of the defendant in the part of the proceeds of the sale of the land which has been deposited with the clerk, and this for the reason that the exclusion of the evidence offered by the defendant, is the only matter for review, brought up by the defendant's appeal. There is error, and must be a new trial.

Error. *Venire de novo.*