MARION CASE AND ESTHER CASE v. NORMAN GREEN
AND MARVIN SPRINGSTEIN.

[See 53 Mich. 615.]

*Ejectment—Vested remainder—Reversion expectant on life-estates*
*—Restraints upon alienation.*

William Case leased to his son, Hiram S. Case, and to his son's wife, Rebecca Ann Case, a parcel of land for their lives, and, after their death, their son Adelbert Case was to have a like estate in the land; both estates being created by the same instrument. William Case died leaving a daughter, Jennie B. Rice, and the said Hiram S. Case as his sole heirs. The daughter conveyed her interest in the land to her brother, who went into possession, and conveyed the land to Norman C. Green, who succeeded to such possession. After the death of his father, Adelbert Case conveyed his life-estate under the lease from his grandfather to the plaintiffs, who had secured a quitclaim deed from Rebecca Case, and who, during the lifetime of Adelbert Case, brought ejectment to obtain possession of said land from said Norman C. Green and another, who defended on the ground that the lease to Adelbert Case was invalid because the absolute power of alienation was suspended for a longer period than during the continuance of two lives in being at the creation of the estate; and in passing upon said claim the Court hold:

*a*—The estate of Adelbert Case was an expectant estate, and was created when the grant was delivered to Hiram S. and Rebecca Case, at which time the instrument became operative. How. Stat. § 5557.

*b*—Adelbert's estate was a future estate, being dependent upon the precedent estate of Hiram S. and Rebecca Case. It was what is termed a "remainder," and might be transfered by that name. How. Stat. § 5527.

*c*—Adelbert being alive, and having the immediate right to the possession of the land upon the ceasing of the intermediate or precedent estate, it was a vested estate in him at the time of its creation (How. Stat. § 5529); and, being a vested expectant estate in him, it was descendible, devisable, and alienable in the same manner as estates in possession. How. Stat. § 5551.

*d*—It follows that William Case, the owner of the fee, Hiram S. and Rebecca Case, the owners of the life-estate in possession, and Adelbert, the owner of the remainder, could by uniting in a deed, or by separate deeds, convey an absolute fee in possession, and, upon the death of William Case, the survivors, with Jennie B. Rice, could have done so, and, after she conveyed to Hiram S., he and Adelbert could have done so. Hence there has been no time but what there were persons in being by whom an absolute fee in possession could be conveyed, and consequently the instrument is not a restraint upon the absolute power of alienation, or prohibited by How. Stat. §§ 5530, 5531.

*e*—As no expectant estate can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate by disseisin, forfeiture, surrender, merger, or otherwise, there is no reason why the present suit may not be maintained. How. Stat. § 5548.

Error to Clinton. (Smith, J.)   Argued November 1, 1889.   Decided December 28, 1889.

Ejectment.   Defendants bring error.   Affirmed.   The facts are stated in the opinion.

*A. C. Baldwin,* for appellant, contended:

1. The lease to Hiram and Rebecca Case was for "two lives in being," who took in severalty (see *Case v. Green,* 53 Mich. 617), and the life-estate intended to be conveyed to Adelbert was void under How. Stat. § 5533, which provides that "all the life-estates subsequent to those of the two persons first entitled shall be void." The object of the statute was that in case of a conveyance of the lands it would require but two persons to execute such conveyance besides the one entitled to the remainder or reversion. By giving a life-estate to Adelbert the title to the land was complicated by reason of a *third* life-estate in Adelbert, and this was clearly in violation of the statute; citing *Coster v. Lorillard,* 14 Wend. 265; *Hawley v. James,* 16 Id. 61; *Jennings v. Jennings,* 7 N. Y. 547; *Amory v. Lord,* 9 Id. 403; *Knox v. Jones,* 47 Id. 390; *Smith v. Edwards,* 88 Id. 92; *Hone v. Van Schaick,* 7 Paige, 221; *Van Vechten v. Van Vechten,* 8 Id. 104; *Brewer v. Brewer,* 11 Hun. 147; *DeBarante v. Gott,* 6 Barb. 503; *Ward v. Ward,* 105 N. Y. 68; *Ford v. Ford,* 70 Wis. 18; *DeWolf v. Lawson,* 61 Id. 469;

*Thatcher v. St. Andrew's Church,* 37 Mich. 271; *Wilson v. Odell,* 58 Id. 533; *Palms v. Palms,* 68 Id. 355.

*J. L. Topping,* for appellants, filed a brief in which he contended for the doctrine above stated.

*S. L. Kilbourne,* for plaintiffs, contended for the rule laid down in the opinion.

CHAMPLIN, J. In 1858, William Case was the owner in fee of the premises described in the following instrument; and on October 13 of that year he executed, and on October 16 acknowledged, the following conveyance, viz.:

" Description of a farm beginning at that part of the west half of section No. two, in township No. five (5) north, of range No. 2 west, lying south of the Looking-Glass river, and all of said section lying west of a line from a point on the south side of the Looking-Glass river running south through the center of the orchard to the line of said section; said line running north and south.

" This indenture, made this 13th day of October, A. D. 1858, by and between William Case, of Saline, Washtenaw county, of the first part, and Hiram S. Case and Rebecca Ann Case, of the county of Ottawa, State of Michigan, of the second part, witnesseth:

" That the said party of the first part hath letten, and by these presents doth grant, demise, and to farm let, unto the said parties of the second part, the east half of the above-described farm, with the appurtenances thereunto belonging, to the said Hiram S. Case and Rebecca Ann Case during the time of their life, free from the control or interference of any one; and, after the death or deaths of the said Hiram S. Case and Rebecca Ann Case, I, the said party of the first part, do hereby lease and let the east half of the above-described premises, and every part thereof, and appurtenances thereunto belonging, to Adelbert Case, heir of the said Hiram S. Case, to have on the decease of his father and mother, and on the same conditions which it is leased to them.

" The said Hiram S. Case and Rebecca Ann Case do covenant and agree to and with the said party of the first part that they will keep the said described premises, and every part thereof, in good repair, pay all the taxes that

may be assessed on said land from time to time out of the income and profits of the said land; and the said party of the first part doth covenant that the said parties of the second part, upon performing covenants aforesaid, shall and may peacefully and quietly have, hold, and enjoy said described premises from the time aforesaid, and the same to his son Adelbert after the decease of himself and wife.

"In witness whereof I have hereunto set my hand and seal this 13th day of October, A. D. 1858.

"In presence of—            ". WILLIAM CASE. [Seal.]
        MARY M. CASE.
        "C. H. WALLACE.

"STATE OF MICHIGAN, } ss.
    Washtenaw County.  }

"On the 16th day of October, A. D. 1858, personally came before me, a justice of the peace in and for said county, William Case, to me well known to be the person who executed the above, and acknowledged that he executed the same, for the uses and purposes therein expressed, as his free act and deed.    Given under my hand.                    "C. H. WALLACE,
                            "Justice of the Peace."

William Case died prior to March 7, 1862, leaving him surviving, as sole heirs at law, Hiram S. Case, a son, and Jennie B. Rice, a daughter. On March 7, 1862, Jennie B. Rice executed a deed of said premises, without covenants of warranty, to Hiram S. Case. Hiram S. Case and Rebecca Case, his wife, went into the possession of said premises, and after the death of William Case, and on December 15, 1862, conveyed said premises by warranty deed to Norman C. Green, who immediately went into the possession of the same. Hiram S. Case died April 24, 1882, and Rebecca, his wife, died May 1, 1887. On May 4, 1883, Adelbert E. Case and Sarah J., his wife, granted to Marion Case and Esther Case the remainder, which, by said instrument, was given to him after the death of Hiram and Rebecca Case.[1] These grantees have

---

[1] Rebecca Case had executed a quitclaim deed to the plaintiffs on May 3, 1883. See 53 Mich. 618.

brought this action in ejectment to obtain possession of the premises under their conveyance from Adelbert, who is still living.

The record presents but a single question, and that is whether the remainder over to Adelbert E. Case is valid. The defendants insist that the instrument is invalid because, as they claim, the absolute power of alienation is suspended for a longer period than during the continuance of two lives in being at the creation of the estate. How. Stat. § 5531. The estate of Adelbert Case was, under our statutes, an expectant estate, and was created when the grant was delivered to Hiram S. and Rebecca Case. The instrument became operative at that time. Id. § 5557. Adelbert's estate was a future estate, being dependent upon the precedent estate of Hiram S. and Rebecca. It was what is termed a "remainder," and might be transferred by that name. Id. § 5527. Adelbert being alive, and having the immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate, it was a vested estate in him at the time of its creation. Id. § 5529. Being a vested expectant estate in Adelbert, it was descendible, devisable, and alienable in the same manner as estates in possession. Id. § 5551.

It follows that William Case, the owner of the fee or legal title, Hiram S. and Rebecca, the owners of the life-estate in possession, and Adelbert, the owner of the remainder, could by uniting in a deed, or by separate deeds, convey an absolute fee in possession. Upon William's death, the same persons, with Jennie Rice, could have done so. After Jennie conveyed to Hiram S., he and Adelbert could have done so. Hence there has been no time but what there were persons in being by whom an absolute fee in possession could be conveyed, and consequently the instrument is not a restraint upon the

absolute power of alienation, or prohibited by How. Stat. §§ 5530, 5531. As no expectant estate can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate by disseisin, forfeiture, surrender, merger, or otherwise, there is no reason why the present suit may not be maintained. Id. § 5548.

The jury found that Green had notice of this lease, and the right of entry did not accrue until the death of Rebecca; so that there is no statute of limitation to bar a recovery.

The judgment will be affirmed.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.