## WEEKS v. WILKINS.

(Filed October 3, 1905).

*Deeds—Quitclaim—Bargain and Sale — Estoppel — After Acquired Title—Warranty.*

1. An ordinary quitclaim deed, containing no covenants, vests in the grantee only such title as the grantor was seized of at the time of the execution of the deed, and if such grantor subsequently acquires an outstanding title, it does not inure to his grantee in the quitclaim deed, but it is otherwise as to a deed of bargain and sale.

2. Where the plaintiff in 1863 executed together with six brothers and sisters a deed of bargain and sale for the joint consideration of $1,000, to certain land to the defendant, each grantor undertaking to convey the entire land in fee and the deed containing a joint as well as a several clause of warranty, but the privy examination of three of the grantors, who were married, was not taken; and in 1889 the said married women executed a deed to the plaintiff, *held*, that the plaintiff is estopped from setting up against those claiming under the deed of 1863 the outstanding title thus acquired.

3. An estoppel works upon the estate which the deed purports to convey and binds an after acquired title as between parties and privies. In cases where the deed contains a warranty, the grantee and those claiming under him will not be remitted to an action on the covenant for damages.

ACTION by Samson Weeks against J. T. Wilkins and others, heard by *Judge O. H. Allen* upon an agreed state of facts, at the May Term, 1905, of the Superior Court of Sampson County. From a judgment awarding the plaintiff four-eighths of the land, the defendants appealed.

*F. R. Cooper* for the plaintiff.
*John D. Kerr* for the defendants.

BROWN, J. This case was before the court at Spring Term, 1904, and is reported in 134 N. C., at page 517.

The facts are fully stated in the opinion of *Mr. Justice Connor.* It is a matter of surprise that the interesting question of estoppel discussed upon this hearing should not have been presented upon the former hearing. It is decisive of the case and bars a recovery by plaintiff of any part of the land conveyed in the deed from Esther Weeks and seven of her children, on June 1, 1863, to Brittain A. Edwards. The deed was never signed or executed by Betsy Ann Raynor, the remaining child, nor was the privy examination of the three married women, Susan Williford, Pherebe Williford and Mary J. Jones, ever taken. During 1899 all the children of Esther Weeks, including said married women, executed a deed to the plaintiff, Samson Weeks, for the same land. We are of opinion that the plaintiff is estopped from setting up the outstanding title thus acquired against the defendants who claim under the deed to Brittain Edwards. The husbands of the married women did not sign this latter deed and no privy examination was taken. The deed is void as to them and is to be treated just as if neither of the *femes covert* had signed it. As to Samson Weeks, the deed has been adjudged in this cause to be a valid and binding conveyance; and it is sufficient in form to estop plaintiff from setting up against those claiming under it the outstanding title thus acquired.

An ordinary quitclaim or release deed, containing no covenant whatever, vests in the grantee only such title as the grantor was seized of at the time of the execution of the deed. If such grantor subsequently acquires an outstanding title, it does not inure to his grantee in the quitclaim deed. The deed of June 1, 1863, is not in form a quitclaim or release. It is a bargain and sale for the joint consideration of $1,000, and purports to convey to the grantee in fee a good and indefeasible title to the entire 208 acres therein described. It makes no mention of the individual interest of the grantors, but it is a joint conveyance of the entire body

of land, in which each grantor undertakes to convey the entire land in fee to the grantee. The deed contains a clause of warranty wherein the grantors jointly, as well as severally, warrant and defend to the grantee, his heirs, etc., the "above bargained land and premises from the lawful claims of any and all persons whatsoever." At the time Samson Weeks executed the deed of June 1, 1863, he was a minor, but this court has held that his deed was voidable and not void, and that consequently his failure to disaffirm during the thirty-six years between June 1, 1863, and June 1, 1899, made the deed a valid and binding conveyance on his part. It may be possible that the minority of plaintiff, if pleaded, would bar a recovery in an action upon the contract of warranty for damages for an ouster, but, if that be true, it would not prevent the operation of the entire deed as an estoppel. A rebutter arises from a warranty. Estoppels arise in cases where there may be no warranty. While it might be that a personal recovery cannot be had upon this warranty, yet it is a part of the instrument and may be considered as showing the real intent and purpose of the parties in respect to the land conveyed. As between the parties to a deed of bargain and sale, the seizin is to be considered in law as passing because the bargainor is estopped from showing that he was not seized of the title which the deed purports to convey, and if he was actually seized of such estate it was transferred by the statute of uses. As *Judge Henderson* tersely says, in *Taylor v. Shufford*, 11 N. C., 129: "As between the parties the bargain and sale shall pass what it purports to pass; as to strangers what it actually does pass." This principle is founded in justice and reason. The grantee is necessarily influenced in making the purchase by the quality and extent of the estate which purports to be conveyed by the deed, and hence the grantor in good faith and fair dealing should thereafter be precluded from gainsaying it. Where the conveyance purports, as in this case, to pass a title in fee

to the entire body of land, the grantor is estopped thereafter to say it does not. The consensus of all the authorities is to the effect that where the deed bears upon its face evidence that the entire estate and title in the land was intended to be conveyed, and that the grantee expected to become vested with such estate as the deed purports to convey, then, although the deed may not contain technical covenants of title, still the legal operation and effect of the deed is binding on the grantors and those claiming under them, and they will be estopped from denying that the grantee became seized of the estate the deed purports to vest in him. *Van Rensselaer v. Kearney,* 52 U. S., 323, is a leading case in which *Mr. Justice Nelson* states the doctrine with great clearness and wealth of learning. *Irvine v. Irvine,* 76 U. S., 625. The true principle is that the estoppel works upon the estate which the deed purports to convey and binds an after acquired title as between parties and privies. In cases where the deed contains a warranty, the grantee and those claiming under him will not be remitted to an action on the covenant for damages. "When one assumes by his deed to convey a title and by any form of assurance obligates himself to protect the grantee in the enjoyment of that which the deed purports to give him, he will not be suffered afterwards to acquire or assert a title and turn his grantee over to a suit upon his covenant for redress." *Smith v. Williams,* 44 Mich., 240, 242; *Cace v. Green,* 53 Mich., 615; *Ryan v. U. S.,* 136 U. S., p. 88; *Hassell v. Walker,* 50 N. C., 270; *Hallyburton v. Slagle,* 132 N. C., 947. From these and many other authorities it seems to be plain that upon this record the plaintiff is not entitled to recover. The judgment of the Superior Court is

Reversed.