B. B. SCOTT v. GLENNIE HENDERSON AND WILLIE HENDERSON.

(Filed 20 October, 1915.)

**Wills—Contingent Interests—Sales—Deeds and Conveyances—Estoppel—Reformation—Pleadings—Demurrer.**

A devise of a one-half interest in lands to W. for life, then to his wife unless she should remarry, and in that case to B. for life and to his fourth generation, B. having a conveyance from the heirs and devisees of the testator other than W., to their interests in the land, executed a fee-simple deed to W., and after the death of W. and the remarriage of his wife, brought suit to recover the lands. *Held,* the contingent interests were subjects of sale and passed by the deed executed by B., the plaintiff, to W., which estops him from claiming such interests when there is no averment that his deed should be reformed for mistake or fraud; and where the complaint alleges the facts, as stated, a demurrer thereto should be sustained.

APPEAL by defendant from *Connor, J.,* at the May Term, 1915, of CRAVEN.

Action to recover land. The complaint alleges that W. H. Scott, who was the owner of the land in controversy, died leaving a will in which he devised a one-half interest in said land to W. T. Scott "his lifetime, and then to his wife for her lifetime, unless she should be married again; then, in that case, the property will belong to my son, B. B. Scott, for his lifetime and to his fourth generation"; that W. T. Scott, the devisee, died and his widow, Glennie, who is a defendant, has intermarried with the other defendant, Willie Henderson; that the heirs and devisees of the said W. H. Scott, other than W. T. Scott, conveyed their interest in said land to the plaintiff, B. B. Scott, and that thereafter he executed a deed to the said W. T. Scott purporting to convey the land to him in fee simple. The defendant demurred to the complaint upon the ground that it did not state a cause of action. The demurrer was sustained and the plaintiff excepted and appealed.

*W. D. McIver for plaintiff.*
*No counsel for defendant.*

ALLEN, J. The plaintiff acquired a contingent remainder for life in one-half of the land in controversy under the will of his father, W. H. Scott, and he became the owner in fee of all other interests therein except those of W. T. Scott and his wife under the deed executed to him by the heirs and devisees of W. H. Scott. The contingent interest was the subject of sale and passed by the deed executed to W. T. Scott (*Kornegay v. Miller,* 137 N. C., 659; *Beason v. Amos,* 161 N. C., 359; *Hobgood v. Hobgood, ante,* 485), and, therefore, when the plaintiff executed his deed to W. T. Scott purporting to convey the land itself in fee, he parted with his title, and as these facts appear in the complaint, his Honor properly held that no cause of action was stated.

There is no allegation of mistake or fraud, and the plaintiff does not ask to have his deed corrected, and if the plaintiff should be permitted to recover he would have to do so in the face of his allegation that he has conveyed the land in fee, which he cannot do. *Weeks v. Wilkins,* 139 N. C., 217.

Affirmed.