SADIE D. CHERRY ET AL. v. MACON L. CHERRY.

. (Filed 20 December, 1919.)

Estates—Contingent Interests—Sales—Release—Pleadings—Judgments—Estoppel—Remainders.

An estate to testator's two daughters upon condition that if either of them shall die without leaving lawful issue, then to vest in the surviving sister, but if both of them should die without leaving lawful issue, then to certain of the testator's sons, "to be equally divided between them or among their heirs, *per stirpes* and not per capita." *Held*, the sons having released any interest in the property and filed answer consenting to a decree in proceedings to sell the lands and hold the proceeds for contingent interests *in esse*, and others not *in esse*, under the statute: *Held*, the estate of the two daughters is defeasible in the event of both dying without issue, and not indefeasible upon the birth of issue; and in the future event of their both dying without issue, the estate of the sons would be indefeasible, and their heirs would be estopped by their present release and their answer in the case, the words "their heirs *per stirpes* and not *per capita*" indicating only the division of the remainder.

APPEAL by Bonner, guardian *ad litem*, from *Lyon, J.*, at November Term, 1919, of BEAUFORT.

The plaintiffs, minor children of R. C. Cherry, deceased, through their guardian, filed this proceeding to sell two lots in Washington, N. C., devised to them under the will of their father, setting out that the taxes and assessments, with insurance and repairs, practically exhaust the rents, and that the installation of waterworks and sewage, as now required, will impose an additional burden, and that it is desirable to use the proceeds of the sale for the support and education of said minor. The defendants are the three brothers of these minors and the

guardian *ad litem* of Ethel Cherry (the child of one of them), and is also guardian *ad litem* to represent all others not *in esse* who might have an interest in the property. The three defendants, brothers of the plaintiffs, entered a general appearance and filed an answer consenting to the sale and releasing their interest in the property to the plaintiffs. The summons was served on Ethel Cherry, the minor child of Macon L. Cherry, and John H. Bonner, attorney at law, was appointed guardian *ad litem* for her and all others who might have an interest in the property.

The court adjudged that the lot belonged absolutely to the plaintiffs, Sadie Dot and Madge B. Cherry, the infant plaintiffs. The guardian *ad litem* appealed from the decree because it adjudged that Ethel Cherry and others for whom he had been appointed guardian *ad litem* had no interest or estate, prospective or otherwise, in the property described in the petition, or its proceeds. And this is the only error assigned.

*Small, MacLean, Bragaw & Rodman for plaintiffs.*
*John H. Bonner, guardian ad litem, for defendants.*

CLARK, C. J. On 5 December, 1908, R. C. Cherry, by his last will and testament, which has been duly probated and filed, provided in Item 4 of his will: "I devise and bequeath unto my two beloved daughters, Sadie Doe Cherry and Madge Belle Cherry, as tenants in common, the two lots owned by me in the town of Washington (here followed the description of the same), but this devise is made upon condition that if either of my said daughters shall die without leaving lawful issue, then in such event her interest in the said two lots shall immediately vest and go to her sister that survives her, and it is further provided and made a condition of this devise that if both of my said daughters shall die without leaving lawful issue, then it is my desire, and I devise the two said lots to my three sons mentioned in the third item of this my last will, to be equally divided between them or among their heirs, *per stirpes* and not *per capita.*"

The guardian *ad litem* alleged in his answer that Ethel Cherry, only child and prospective heir at law of Macon L. Cherry, has a contingent or prospective interest or expectancy under the will of R. C. Cherry, especially in view of the contingency, which might arise upon the death of Sadie Dot Cherry and Madge B. Cherry, without issue of either; that the contingent or prospective interest of the said Ethel Cherry, under the will of R. C. Cherry, ought to be preserved by the court. Sadie Dot Cherry and Madge B. Cherry are minors, without issue at the present time.

The three sons, who are defendants, have answered and released any

interest in the property, and filed consent to a decree to that effect. The devise being upon the condition that if both daughters die without leaving lawful issue, then the said two lots are devised to the three sons, the estate therefore to the daughters is defeasible in event of the death of both the devisees without issue, and does not become indefeasible upon the birth of issue. *Kirkman v. Smith,* 174 N. C., 605; Rev., 1581.

The remainder to the three sons, however, was not made defeasible, but was vested absolutely in them, and they would be estopped, and their heirs also, by the release and the answer in this case. This would be true if the remainder had been to them and their heirs. *Rees v. Williams,* 165 N. C., 201. This is in no wise changed by the use of the words "their heirs *per stirpes* and not *per capita,"* which indicates merely the division of the remainder between them, and as all three joined in the release all the heirs would be estopped.

Affirmed.