A. W. CRAWLEY AND ANNIE E. CRAWLEY, HIS WIFE, v. MARY H. STEARNS.

(Filed 10 June, 1927.)

**Mortgages — Deeds and Conveyances — Title — After-Acquired Title — Estoppel—Trusts.**

Where a conveyance of lands designated on its face as a second mortgage conveys title to secure the payment of notes held by C., and in the premises, and in the *habendum* names the C. as the grantee, and following the *habendum* is a clause making it the duty of B., trustee, to sell the lands upon default in the payment of the notes, etc., on demand of the holder, etc., and upon foreclosure sale make the deed to the purchaser, etc., and B., the trustee, afterwards acquires title by deed from C., and the instruments are duly registered under the provisions of our statutes: *Held,* the sale under the trust deed is a deed of bargain and sale, and upon its registration, has the effect of a feoffment conveying the title to the grantee, and the trustee having afterwards acquired the title, is estopped to deny it.

APPEAL by defendant from *Devin, J.,* at May Term, 1927, of WAKE. Submission of controversy without action. C. S., 626.

*N. G. Fonville for appellant.*
*Barwick & Leach for appellee.*

ADAMS, J. On 26 September, 1918, Berry W. Brown and Alice E. Brown, his wife, executed a written instrument, evidently intended as a deed of trust but designated on its face as a second mortgage, purporting to convey title to a lot in the city of Raleigh described as lot No. 9 on Shaffer's map, to secure the payment at maturity of three bonds, each in the sum of $500, held by L. B. Capehart and afterwards assigned to the Mechanics and Farmers Bank. The parties named are the makers, L. B. Capehart and Allen J. Barwick, trustee. In the premises of the instrument and in the *habendum* Capehart is named as the grantee. Following the *habendum* is this clause: "If the said parties of the first part shall fail or neglect to pay interest on said bonds as the same may hereafter become due, or both principal and interest at the maturity of the bonds, or any part of either, then, on application of said L. B. Capehart, or any assignee, or any other person who may be entitled to the moneys due thereon, it shall be lawful for and the duty of the said Allen J. Barwick, trustee, to advertise," etc. On 7 July, 1924, Barwick, as trustee, sold the lot by public auction to R. W. Winston, Jr., and thereafter, in pursuance of an order confirming the sale and directing a conveyance, executed and delivered to the purchaser a deed conveying the property described in the instrument designated "a second mortgage." The purchaser at once entered into possession and subsequently by warranty deed conveyed the lot to T. W. Johnson, under whom through mesne deeds with covenants of warranty the plaintiffs claim title. The plaintiffs have contracted to sell the lot to the defendant, who refuses to accept their deed on the ground that the deed of trust vested in Capehart the legal title, which was not divested by the trustee's deed to the purchaser. On 27 April, 1927, L. B. Capehart and his wife executed and delivered to Allen J. Barwick, trustee, a deed conveying all their right, title and interest in and to the lot in question and reciting, not only satisfaction of the secured debt, but ratification of the trustee's sale.

It is elementary learning that as to his grantee the maker of a deed will not be heard to contradict it, or to deny its legal effect by any evidence of inferior solemnity, or to say that when the deed was made he had no title. As against his grantee he is estopped to assert any right or title in derogation of his deed. Bigelow on Estoppel (5 ed.), 332; *Hutton v. Cook,* 173 N. C., 496; *Walker v. Taylor,* 144 N. C., 176;

*Cuthrell v. Hawkins,* 98 N. C., 203. Capehart and his wife are therefore estopped to deny the operation and effect of their conveyance to the trustee, and the trustee is estopped by his deed to deny that title passed to the purchaser at the sale made under the deed of trust. But here the question is raised whether the trustee is estopped to assert such title as he may have acquired on 27 April, 1927, by virtue of the deed from Capehart. "If a grantor having no title, a defective title, or an estate less than that which he assumed to grant, conveys with warranty or covenants of like import, and subsequently acquires the title or estate which he purported to convey, or perfects his title, such after-acquired or perfected title will inure to the grantee or to his benefit, by way of estoppel." 21 C. J., 1074, sec. 39; *Baker v. Austin,* 174 N. C., 433. In the deed of the trustee there is no covenant of warranty. Is he, nevertheless, estopped as to the after-acquired title?

At common law a covenant of warranty was necessary to preclude the grantor from asserting an after-acquired title; but there is authority for the position that if a deed shows that the grantor intended to convey and the grantee expected to acquire the particular estate the deed may found an estoppel, although it contains no technical covenants. 21 C. J., 1080, sec. 46; *French v. Spencer,* 21 How., 228, 16 Law Ed., 97. A concise presentation of the subject appears in *Olds v. Cedar Works,* 173 N. C., 161. The estoppel there relied on grew out of a deed containing a covenant of warranty; and while the doctrine of estoppel by warranty and estoppel by rebutter is discussed the Court, in an opinion written by *Allen, J.,* remarked: "There is also authority for the position that a deed without warranty, which purports to convey the land, passes an after-acquired title to the grantee; but it is not necessary to decide that question, as there is a warranty in the deed before us. . . . It is also held that a deed which purports to convey the land transfers the estate as by a fine *(Wellborn v. Finley,* 52 N. C., 237); that under our registration acts all deeds are put on the same footing as a feoffment *(Bryan v. Eason,* 147 N. C., 292) and Mr. Rawle in his work on Covenants, sec. 243, in discussing the effect of an estoppel by deed without warranty, says: 'Now, it must be carefully observed that by the common law there were two classes of cases in which an estate thus actually passes by estoppel, and two only. The first was where the mode of assurance was a feoffment, a fine, or a common recovery. Such was their solemnity and high character that they always passed an actual estate, by right or by wrong, and, as against the feoffor or conusor and his heirs, not only divested them of what they then had, but of every estate which they might thereafter by possibility acquire, and this doctrine has been applied in modern times. The second was where the assurance was by lease, under which, it will be remembered, estates

could take effect in *futuro;* and the estoppel seems to have been put upon the ground of such having been the contract or agreement between the parties.' If this position is sound—and we would be inclined to so hold if the question was before us—if there was no warranty, the heirs of the grantor could not recover the land under title claimed by descent as against a stranger, for the reason that the after-acquired title would pass to the grantor in the deed by estoppel, and as the heirs would not be the owners of the after-acquired title, they could not recover on it."

The principle is stated with like clearness by *Brown, J.,* in *Weeks v. Wilkins,* 139 N. C., 215: "As between the parties to a deed of bargain and sale, the seizin is to be considered in law as passing because the bargainor is estopped from showing that he was not seized of the title which the deed purports to convey, and if he was actually seized of such estate it was transferred by the statute of uses. As *Henderson, J.,* tersely says, in *Taylor v. Shuford,* 11 N. C., 129: 'As between the parties the bargain and sale shall pass what it purports to pass; as to strangers what it actually does pass.' This principle is founded in justice and reason. The grantee is necessarily influenced in making the purchase by the quality and extent of the estate which purports to be conveyed by the deed, and hence the grantor in good faith and fair dealing should thereafter be precluded from gainsaying it. Where the conveyance purports, as in this case, to pass a title in fee to the entire body of land, the grantor is estopped thereafter to say it does not. The consensus of all the authorities is to the effect that where the deed bears upon its face evidence that the entire estate and title in the land was intended to be conveyed, and that the grantee expected to become vested with such estate as the deed purports to convey, then, although the deed may not contain technical covenants of title, still the legal operation and effect of the deed is binding on the grantors and those claiming under them, and they will be estopped from denying that the grantee became seized of the estate the deed purports to vest in him. *Van Rensselaer v. Kearney,* 52 U. S., 323, is a leading case in which *Mr. Justice Nelson* states the doctrine with great clearness and wealth of learning. *Irvine v. Irvine,* 76 U. S., 625. The true principle is that the estoppel works upon the estate which the deed purports to convey and binds an after-acquired title as between parties and privies."

The conveyance executed by the trustee to the purchaser at the sale made under the deed of trust is a deed of bargain and sale which has been duly registered. The seizin is deemed to have passed because the maker is estopped, and the registration puts the deed on the footing of a feoffment. In our opinion the judgment is free from error and should be affirmed.

Judgment affirmed.