WILLARD WILLIAMS v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 13 May, 1931.)

1. **Wills E c—Devise in this case held to create fee simple under the rule in Shelley's case, subject to be defeated by happening of event.**

   A devise to the grandson of the testator to have and to hold during the term of his natural life, and no longer, and after his death to his bodily heirs in fee simple, but if he should die without issue, the remainder over to designated persons, creates a fee simple in the grandson under the rule in *Shelley's case,* subject to be defeated upon his death without issue.

2. **Estoppel A a—Deed in this case would operate to estop grantors from denying that grantee was seized of the estate.**

> Where under a devise of lands the first taker acquires a fee simple subject to be defeated upon the happening of a certain event, a quit-claim deed from the ulterior remaindermen to him, although the deed may not contain technical covenants of title, will estop the grantors from denying that the grantee became seized of the estate the deed purported to convey.

APPEAL by defendant from *Cranmer, J.,* at November Term, 1930, of WILSON. Affirmed.

*C. H. Bain for appellant.*
*Finch, Rand & Finch for appellee.*

ADAMS, J. This is a controversy without action involving the construction of the following paragraph in the will of N. W. Williams, deceased: "I give and devise to my grandson, who has not been named, the son of my deceased son, Bug Williams, that certain tract or parcel of land lying and being situate in Old Fields Township, Wilson County, N. C., adjoining the lands of Delphia Eatman, I. C. Eatman, J. L. Eatman and others, containing 100 acres, more or less, and known as the J. Frank Eatman home place. To have and to hold the above described tract of land to the said son of my deceased son, Bug Williams, for and during the term of his natural life, and no longer, and after his death to his bodily heirs, in fee simple, but in the event he dies without issue, then and in that event I give and devise the same to Plummer Williams and Wiley Williams, their heirs and assigns, in fee simple. I direct that this tract of land shall be rented out each year at public auction to the highest bidder during his minority."

The devise to Willard Williams, the grandson named in the will, for his natural life and after his death to his bodily heirs in fee simple, passes the fee under the rule in *Shelley's case,* subject to be defeated in the event of his death without issue. *Roberson v. Griffin,* 185 N. C., 38; *Benton v. Baucom,* 192 N. C., 630; *Foley v. Ivey,* 193 N. C., 453; *Waddell v. Aycock,* 195 N. C., 268; *Martin v. Knowles, ibid.,* 427; *Bradley v. Church, ibid.,* 662.

But as the devisees designated in the ulterior limitation, Plummer Williams and Wiley Williams, have released by a quit-claim deed all their right and title to the land in controversy, the limitation over is eliminated, and Willard Williams, who is now of age, has the title in fee. Where a grantor executes a deed in proper form intending to convey his right, title and interest in land, and the grantee expects to become vested with such estate, the deed, although it may not contain

technical covenants of title, is binding on the grantor and those claiming under him, and they will be estopped to deny that the grantee became seized of the estate the deed purports to convey. *Taylor v. Shufford,* 11 N. C., 116, 129; *Cherry v. Cherry,* 179 N. C., 4; *Crawley v. Stearns,* 194 N. C., 15; *West v. Murphy,* 197 N. C., 488. Judgment Affirmed.