## NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM v. J. J. WHITEHURST.

(Filed 9 March, 1932.)

**Wills E b—Held: under facts of this case devisee could convey fee-simple absolute title.**

> Where a testator devises certain lands to his son for life and then to the lawful heirs of his body, if any, and if none to C. and J., and their heirs equally, and the son has no children at the date of the probate of the will but afterwards has living children, and also thereafter purchases all the title and interest of C. and J.: *Held*, the son can convey the fee-simple absolute title. *Glenn v. Ashby, ante*, 244, *Williams v. R. R.*, 200 N. C., 771.

APPEAL by defendant from *Harris, J.*, at January Term, 1932, of WAYNE.

Plaintiff being under contract to convey a certain tract of land to the defendant, J. J. Whitehurst, duly executed and tendered deed therefor, with full covenants of warranty, and demanded payment of the purchase price as agreed, but the defendant declines to accept the deed and refuses to pay the purchase price, claiming that the title offered is defective.

It was agreed that if, in the opinion of the court, under the facts submitted, the plaintiff could convey a good and indefeasible fee-simple title to the tract of land in question, judgment should be entered for the plaintiff, otherwise for the defendant.

From a judgment for the plaintiff, the defendant appeals, assigning error.

*W. G. Mordecai for plaintiff.*
*Langston, Allen & Taylor for defendant.*

STACY, C. J. On the hearing the sufficiency of the title offered was properly made to depend upon the construction of the following provision in the joint will of John Smith and Julia P. Smith:

"Item 6. We bequest to our son Mack D. Smith all the lands we own north of Julia P. Woods line during his lifetime and then to the lawful heirs of his body if any, if none we give it to our sons Christopher W. Smith and John Smith and to their heirs equally."

The fact situation is, that at the time of the probate of said will, 16 February, 1901, Mack D. Smith and wife had no children, but five children have since been born to them, all of whom are now living.

On 16 September, 1904, Mack D. Smith purchased from Christopher W. Smith and John Smith all their right, title and interest in said property.

Thereafter on 20 September, 1904, Mack D. Smith and wife conveyed the *locus in quo* to B. F. Barwick, through whom the plaintiff has acquired title by *mesne* conveyances.

Plaintiff's deed is sufficient to convey a fee-simple title, and the judgment may be upheld, either under the principle announced in *Glenn v. Ashby, ante,* 244, or the rule stated in *Williams v. R. R.,* 200 N. C., 771, 158 S. E., 473.

Affirmed.