THOMAS B. WOODY AND WIFE, BEATRICE S. WOODY, v. W. R. CATES.

(Filed 15 June, 1938.)

**1. Wills § 33c—**

A devise to C. for life and no longer, and at her death "to her children then living and to the issue of such children as may be dead, *per stirpes,*" conveys a contingent remainder to C.'s children, dependent upon their being alive at her death.

**2. Wills § 46: Estoppel § 1—Contingent remainderman held estopped by his deed executed prior to death of life tenant.**

Although a contingent remainderman, who is one of a definite class named as ulterior takers after the termination of a life estate, may not convey his interest in fee by deed executed prior to the happening of the contingency, but upon the death of the life tenant, his interest vests, and his title inures to the benefit of his grantee by estoppel.

**3. Estoppel § 1—**

A deed of trust purporting to convey all interest of the trustor in the land, and empowering the trustees to convey the fee upon foreclosure, although containing no covenants of title, will estop the trustor, upon conveyance of the property by the trustees under foreclosure, from denying title.

**4. Same—**

When a contingent remainderman survives the life tenant, upon which contingency his title is made to depend, his heirs take through him and not by purchase under the will, and his heirs are estopped by his deed, executed prior to the happening of the contingency, purporting to convey his entire interest.

APPEAL by defendant from *Ervin, Special Judge,* at January Term, 1938, of PERSON. Affirmed.

This was a controversy without action concerning the title to land, the subject of a contract to convey. From judgment for plaintiffs that the title was good, the defendant appealed.

*Burns & Burns for plaintiffs, appellees.*
*F. O. Carver for defendant, appellant.*

DEVIN, J. The determination of the question of title presented by this appeal turns upon the construction of the following clause of the will of Josephus Younger, probated in 1902: "I give and devise to my daughter, Maria Carver, during her life and no longer, 300 acres of land (describing it). After the death of my daughter, Maria Carver, I devise the property in this paragraph named to her children then living and to the issue of such of her children as may be dead, *per stirpes.*"

It is admitted that Maria Carver had two children, J. G. Moore (by a former marriage) and Willie E. Carver. J. G. Moore died before his mother, leaving a widow and five children. By proper conveyances plaintiffs acquired title to the interest in the land which descended to the issue of J. G. Moore.

In 1923 Maria Carver and her husband, J. H. Carver, and her son, Willie E. Carver, conveyed to trustees the entire interest of the grantors in the described land for the purpose of securing a debt due by J. H. Carver and Willie E. Carver. The deed of trust empowered the trustees to convey the land in fee simple to the purchaser at foreclosure sale. By proper deed from the trustees pursuant to foreclosure under the power, and by connected chain of conveyances, the title acquired thereunder passed to the plaintiffs. Maria Carver died in 1936. Willie E. Carver survives and has living children. Subsequent to the execution of the deed of trust above mentioned, Willie E. Carver was divorced from his wife.

Was the deed executed by Willie E. Carver during the lifetime of Maria Carver sufficient to convey title to the interest in the land which otherwise would have descended to him at the death of Maria Carver under the will of Josephus Younger?

The devise in remainder to the children of Maria Carver was contingent upon their being alive at her death. Ordinarily, when the remainder is contingent a fee simple title will not pass by the deed of the parties prior to the happening of the contingency upon which the limitation depends, for until the event has occurred it cannot be known who will take. *Mercer v. Downs,* 191 N. C., 203, 131 S. E., 575; *Irvin v. Clark,* 98 N. C., 437, 4 S. E., 30.

But when the limitation is by way of contingent remainder or an executory devise and the person who is to take is certain, an assignment of the contingent interest, being what is termed a "possibility coupled with an interest," will be upheld in equity upon the happening of the event, and the devolution of the property. *Watson v. Smith,* 110 N. C., 6, 14 S. E., 640; *Kornegay v. Miller,* 137 N. C., 659, 50 S. E., 315; *Smith v. Moore,* 142 N. C., 277, 55 S. E., 275; *Beacom v. Amos,* 161 N. C., 357, 77 S. E., 407; *Scott v. Henderson,* 169 N. C., 660, 86 S. E., 603; *Hobgood v. Hobgood,* 169 N. C., 485, 86 S. E., 189; *Lee v. Oates,* 171 N. C., 717, 88 S. E., 889; *Bourne v. Farrar,* 180 N. C., 135, 104 S. E., 170.

"A warranty deed by one having only a contingent remainder in land passes the title, by way of estoppel, to the grantee, as soon as the remainder vests by the happening of the contingency upon which such vesting depends." *Foster v. Hackett,* 112 N. C., 546 (headnote), 17 S. E., 426.

Willie E. Carver could not, during the life of his mother, convey a good title because his title was contingent upon his being alive at her

death. But having executed a deed for the land during the life of his mother, upon her death, his title became indefeasible and it inured to the benefit of his grantees, since he is estopped by his deed. While there is no express warranty in his deed, yet his conveyance is of his entire interest in the land, and he therein empowers his grantees (trustees), upon foreclosure, to convey the land in fee simple, which was thereafter done.

In *Williams v. R. R.,* 200 N. C., 771, 158 S. E., 473, *Adams, J.,* speaking for the Court, states the principle as follows: "Where a grantor executes a deed in proper form intending to convey his right, title and interest in land, and the grantee expects to become vested with such estate, the deed, although it may not contain technical covenants of title, is binding on the grantor and those claiming under him, and they will be estopped to deny that the grantee became seized of the estate the deed purports to convey." To the same effect is *Crawley v. Stearns,* 194 N. C., 15, 138 S. E., 403.

In *Weeks v. Wilkins,* 139 N. C., 215, 51 S. E., 909, it was said: "Where the conveyance purports, as in this case, to pass a title in fee to the entire body of land, the grantor is estopped thereafter to say it does not. The consensus of all the authorities is to the effect that where the deed bears upon its face evidence that the entire estate and title in the land was intended to be conveyed, and that the grantee expected to become vested with such estate as the deed purports to convey, then, although the deed may not contain technical covenants of title, still the legal operation and effect of the deed is binding on the grantors and those claiming under them, and they will be estopped from denying that the grantee became seized of the estate the deed purports to vest in him."

The reason for the rule and the distinction between an estoppel by deed and a rebutter dependent upon warranty is pointed out in *Olds v. Cedar Works,* 173 N. C., 161, 91 S. E., 846; *Baker v. Austin,* 174 N. C., 433, 93 S. E., 949.

Applying the principles deducible from these decisions to the facts agreed in the instant case, it would seem that Willie E. Carver, a child of Maria Carver, was ascertained as one of the ultimate takers under the will of Josephus Younger, contingent upon his outliving his mother, and, though his title was subject to be defeated by his death before his mother, his assignment of his entire interest by deed resulted in the vesting of a good title in his grantees upon his surviving his mother.

Since Willie E. Carver outlived his mother, in the event of his death, his heirs could only claim through him, and not under the will, and hence would be estopped by his deed.

We conclude that the court below has correctly held that the deed tendered by plaintiffs is sufficient to convey the land described in fee simple, and that the judgment must be

Affirmed.