MRS. NORA HALES, WIDOW OF R. H. HALES, DECEASED; THOMAS E. HALES AND WIFE, JOYCE H. HALES; ROSCOE H. HALES, UNMARRIED; AND LOUISE HALES PARKER AND HUSBAND, R. W. PARKER, v. MARVIN RENFROW AND WIFE, LANZIE S. RENFROW.

(Filed 22 September, 1948.)

**1. Wills § 33c—**

A devise to testator's son with proviso that should he die without children, his interest should revert to testator's other children, constitutes a fee simple, defeasible upon the death of the son without children him surviving.

**2. Wills § 46—**

A deed executed by the devisees owning the defeasible fee and the devisees owning the contingent limitation over, with joinder of their spouses and the testator's widow, conveys a good and indefeasible fee simple title to the property.

**3. Same—**

Where testator's widow and all of his children are named in the will to share alike in the residuary estate, a deed executed by all of them together with the spouses of the married children, conveys a fee simple to property acquired by testator after the execution of the will regardless of whether the residuary clause is sufficient to devise the property, since the grantors hold all right, title and interest to the property either under the residuary clause or as heirs at law.

APPEAL by defendants from *Bone, J.,* at Chambers, 29 July, 1948, NASH Superior Court.

Civil action for specific performance under a contract for the purchase of certain lots described in the last will and testament of R. H. Hales, deceased.

The defendants entered into a contract with the plaintiffs for the purchase of four lots. The original will of the testator devised three of the lots to Thomas Edwin Hales and Roscoe H. Hales, sons of the deceased, as tenants in common, subject to the following proviso: "If Edwin or Roscoe Hales should die without children, their wives, in case they are both married, shall have their interest so long as they remain a widow, and if Edwin and Roscoe Hales either should die without children after the above provisor, their interest shall revert to my other

children." The other lot was purchased by the testator after the execution of his will and was not devised, unless included in the residuary clause of the will, which provides that all the residue of testator's estate, including all personal properties, moneys, stocks, bonds, etc., after the payment of debts, expenses and legacies, the surplus, if any, shall be paid over to his wife and children in equal proportions, share and share alike. Thereafter the testator executed a codicil to his will and revoked the devise to his sons' wives and provided that should Thomas Edwin Hales or Roscoe H. Hales die without children the property devised to them should revert to his other children.

The plaintiffs tendered to the defendants a deed with full covenants and warranty executed by Mrs. Nora Hales, widow of R. H. Hales, deceased, Thomas Edwin Hales and wife, Joyce H. Hales, Roscoe H. Hales, unmarried, and Louise Hales Parker and husband, R. W. Parker, being all the heirs at law as well as all the devisees under the last will and testament of R. H. Hales, deceased. The defendants declined to accept the deed, contending that the devise to Thomas Edwin Hales and Roscoe H. Hales is only a contingent interest and that they cannot convey a good and indefeasible title to the property.

The court below held the deed tendered by plaintiffs conveys a good and indefeasible fee simple title to the property, and entered judgment accordingly. The defendants appeal and assign error.

*L. L. Davenport for plaintiffs.*
*Cooley & May for defendants.*

DENNY, J. After giving effect to the codicil to the will of the testator, the testator devised the three lots referred to herein to his sons, Thomas Edwin Hales and Roscoe H. Hales, as tenants in common, in fee simple, but in the event either son should die without children his interest will revert to the testator's other children. As to each devisee this constitutes a fee, defeasible upon his dying without children. *Conrad v. Goss,* 227 N. C., 470, 42 S. E. (2d), 609; *Cherry v. Cherry,* 179 N. C., 4, 101 S. E., 504; *Hobgood v. Hobgood,* 169 N. C., 485, 86 S. E., 189. The other children, as disclosed by the record, could only be the surviving son and his sister, Mrs. Louise Hales Parker. All the devisees, together with the widow of the testator, the husband of Mrs. Louise Hales Parker and the wife of Thomas Edwin Hales, having joined in the execution of the deed tendered to the defendants, we think the deed does convey a good and indefeasible fee simple title to the three lots referred to above. *Bank v. Whitehurst,* 202 N. C., 363, 162 S. E., 768; *Williams v. R. R.,* 200 N. C., 771, 158 S. E., 473; *Grace v. Johnson,* 192 N. C., 734, 135 S. E., 849; *Walker v. Butner,* 187 N. C., 535, 122

S. E., 301. The case of *Daly v. Pate,* 210 N. C., 222, 186 S. E., 348, cited in brief, is distinguishable from the case before us. There the testator provided for the reversion of the property to his own estate, in the event the first taker died without children, then to be "divided as best it may be between my *then living* nephews and nieces."

As to the other lot which was not specifically devised, we concur in the judgment of the court below to the effect that the residuary clause of the testator's will was sufficient to devise this lot to his widow and children, share and share alike. Conceding, however, but not deciding, that the residuary clause is insufficient to devise this lot, the purported devisees are the identical persons who would hold every right, title and interest in the property, had the testator died intestate. The widow and all the heirs at law and devisees of the testator, together with the wife and husband respectively of those who are married, having joined in the execution of the deed tendered to the defendants, the deed conveys a good and indefeasible fee simple title to this additional lot.

The judgment of the court below is
Affirmed.