Battle, J.
 

 The right of a purchaser to Use the name of his bargainor in an action of ejectment is settled;
 
 Posten
 
 v.
 
 Henry,
 
 12 Ire. Rep. 340. This being so, the defendant has no just cause of complaint, that the Court, at the instance of the bargainor, refused to permit the count on his demise to be stricken out. If such refusal was error at all, it was an error of which the bargainor only had the right to complain. It would seem from the case of
 
 Scott
 
 v.
 
 Sears,
 
 9 Ire. Rep. 87, that he did have such right upon paying his part of the cost incurred up to the time of the motion, but we are satisfied that it was his right alone, and the defendant had nothing to do with it.
 

 The deed from the defendant to Samuel S. Simmons, one of the lessors, created a strict estoppel against him, and he could not resist a recovery on the demise in the name of Simmons. The case of
 
 Jordan
 
 v.
 
 March,
 
 9 Ire. Rep. 234, cited
 
 *272
 
 by the defendant’s counsel, depends upon its peculiar circumstances, arising out of conflicting recoveries at law against the same person and sales made on executions issued thereon, and it is manifest that it cannot have any bearing upon a question of strict estoppel like the present. Equally inapplicable is the principle decided in
 
 Love
 
 v. Gates, 4 Dev. and Bat. Rep. 363 ;
 
 Johnson
 
 v. Watts, 1 Jones’ Rep. 228, and other cases, that though where in ejectment, both plaintiff and defendant derived title from the same person, neither, as a general rule, can dispute such title, yet the defendant may defend himself, if he can, by showing that there was a better title outstanding, and that he had acquired it. The general rule here spoken of, is not (as has often been said) one founded on an estoppel, but was adopted as a rule of justice and convenience'’, to prevent the plaintiff in ejectment, from being compelled, in deducing his title, to go back beyond the source from which both he and the defendant derived their respective claims. The exception is rendered necessary to prevent a wrong being done to the defendant when he has another title in himself superior to both. It is hardly necessary to repeat that this has no application to a case of strict estoppel.
 

 Pek CubiáM, Judgment affirmed.