### A. WILLIAMS v. W. H. BIGGS.

(Filed 11 September, 1918.)

**Wills—Devise—Deeds and Conveyances—Estates—Contingent Limitations—Title—Parties Interested—Fee Simple—Warranty—Heirs at Law.**

Where lands are devised to the named sons of the testator, "to each one of them, and in case either one shall die without a lawful heir, then his share shall descend to the surviving ones and their heirs forever"; and one of these sons has died without issue, and the others have executed, in form, a sufficient deed with warranty, conveying the fee-simple title to the lands, it is immaterial whether the estate vested absolutely in the survivors at the death of one of the sons or created a succession of survivorships, for every one having joined in the deed who could presently or ultimately take under the devise, the conveyance will pass a fee simple, or absolute title, as the warranty is binding upon the heirs of the grantors.

CONTROVERSY without action, submitted upon the following statement of facts under section 803 of the Revisal of 1905, and decided by *Kerr, J.*, at the June Term, 1918, of MARTIN.

On or about 15 April, 1918, A. Williams bargained and sold to W. H. Biggs a certain tract of land mentioned and described in item 2 of the last will and testament of Eli H. Roberson, for the sum of $5,000, and has executed and tendered to W. H. Biggs a deed for the land, which purports to convey a fee-simple estate therein.

James A. Roberson, mentioned in item 2 of will as one of the devisees, is dead, leaving no children. George E. Roberson, Joseph L. Roberson, and Theo. Roberson, devisees mentioned in item 2 of said will, are living, and all have children. The said devisees have complied with the provision in the will in regard to the one thousand dollars given to the daughters.

Joseph L. Roberson, George E. Roberson, and Theo. Roberson, the surviving devisees named in item 2 of the will, executed a deed purporting to convey said land in fee simple, and plaintiff has acquired the land by mesne conveyance from the grantees thereof.

A. Williams has tendered to W. H. Biggs a deed for the land devised in item 2 of the will and acquired by him as aforesaid, which deed purports to convey to W. H. Biggs a fee-simple estate of the land. W. H. Biggs refuses to accept the deed and pay the purchase price upon the ground that by reason of the provisions of item 2 of the will A. Williams cannot convey a good and indefeasible title, for that the devisees mentioned in item 2 of the will did not take a fee-simple estate therein. W. H. Biggs stands ready, able and willing to pay to A. Williams the purchase price, to wit, $5,000, but refuses to pay the same, upon the ground that Williams cannot make a good title to the land.

Upon the foregoing statement of facts, plaintiff contends that under item 2 of the will the devisees therein take a fee-simple estate, and A. Williams can convey nothing more than a life estate, as that is not all the devisees acquired under the will.

If the Court sustains the contention of the plaintiff, judgment shall be entered directing the payment of the purchase price upon delivery of a deed with full covenants and warranty; and if otherwise, judgment shall be entered against the plaintiff for costs.

Item 2 of the will of E. H. Roberson is as follows: "I give and bequeath to my sons, George E., Joseph L., James A., and Theo. Roberson, my entire tract of land which I purchased from Henry Rogerson and wife, known as the Dugan tract of land, George's share to contain that part on which his house is built, to be equally divided between them, but to be bound to the making good to each of my daughters, Louisa Bateman, Della Swain, and Ida Roberson, the amount which the proceeds of my perishable property will or may lack of one thousand dollars, to each one of them; and in case either one of my said sons shall die without a lawful heir, then his share shall descend to the surviving ones of my sons and their heirs forever."

The court entered judgment for the plaintiff and against the defendant for the costs, and the latter appealed.

*Critcher & Critcher for plaintiff.*
*Wheeler Martin for defendant.*

WALKER, J., after stating the case: It will not be necessary to discuss the several questions argued in the brief as to when the estates of the sons became absolute. They undoubtedly acquired under the terms of the will vested interests which were subject to be divested upon the happening of the contingent event mentioned in the will. *Starnes v. Hill,* 112 N. C., 1; *Whitesides v. Cooper,* 115 N. C., 570; *Whitfield v. Garris,* 134 N. C., 24; *Hobgood v. Hobgood,* 169 N. C., 485, and cases cited at p. 489.

It is clear, as the presiding judge decided, that however we construe the devise, whether as vesting the estate absolutely in the survivors at the death of James A. Roberson, who died without issue, or as creating successive survivorships, the deed tendered by the plaintiff, who derived his right and title under a deed executed by the three surviving brothers for the land, will convey a good title to the defendant. This is true, because every one who could take an interest under the devise in the will has joined in the deed to certain grantees under whom the plaintiff claims title by mesne conveyance, and it is the same as if they had conveyed directly to the plaintiff. In any view of the case, the estate was

4—176

vested absolutely either in all the surviving brothers, or ultimately will so vest in some one or more of them. If any one of them should die, leaving heirs, his share would descend to such heirs, who, though, would be bound by his deed as the warranty in the deed of the ancestor will conclude and estop or rebut the heir who takes by descent. Of course, where the heirs, issue or children, are so designated as to take by purchase, under the terms of the will, there is no estoppel or rebutter as they do not take from their ancestor by descent, but directly from the devisor as purchasers. *Whitesides v. Cooper, supra.* But whether all the sons die without issue or some die without leaving issue, and others die leaving issue, all parties have joined in the deed who have or will have the title to the land.

We are of opinion that the plaintiff has derived his title from parties who, if not owners of the land at the time they conveyed it to him, will eventually become the owners in fee simple absolute, and therefore that all interest therein has passed to him. It follows that the deed tendered to the defendant will convey to him a good and indefeasible title. *Hobgood v. Hobgood, supra,* citing *Kornegay v. Miller,* 137 N. C., 659.

In *Hobgood's case* it was said by *Justice Hoke:* "In Kornegay's, as in this, the ultimate devisees were ascertained and designated by name, and they having the contingent estate, it was held that they could convey it, and their descendants or heirs, having to claim through them, were concluded by the deed of the ancestors," citing also *Bodenhamer v. Welsh,* 89 N. C., 78.

The decision of the learned judge was correct.

Affirmed.