S. M. COMBS ET UX. v. F. T. PAUL ET UX.

(Filed 19 May, 1926.)

**Deeds and Conveyances—Restraint on Alienation—Title.**

> Restrictions contained in a clause in a deed to lands that they should not be conveyed to any one during the life of two of the grantees, are void as an attempted restraint upon alienation, and the grantees may convey an absolute fee-simple title, upon the principle that an unqualified restraint on alienation, annexed to a grant in fee, is void, being repugnant to the estate granted.

APPEAL by defendants from *Grady, J.,* at Chambers, Edenton, N. C., 31 March, 1926, from BEAUFORT.

Controversy without action, submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey a certain house and lot to the defendants, duly executed and tendered a deed therefor and demanded payment of the purchase price as agreed. The defendants declined to accept the deed and refused to make payment, alleging that the title offered is defective.

On the facts agreed the court, being of opinion that the deed tendered was sufficient to convey a good title, gave judgment for the plaintiffs, from which the defendants appeal, assigning error.

*J. D. Paul for plaintiffs.*
*A. W. Bailey for defendants.*

STACY, C. J. On the hearing the title offered was properly made to depend upon the validity of the following restrictive clause in a deed conveying the property in question from David J. Roberts to Mary D. Roberts and John A. Roberts, her husband, for life, remainder to Allen Roberts in fee, executed 14 May, 1914, said deed forming a link in plaintiff's paper chain of title:

"This deed is made with the distinct understanding that said Allen Roberts shall not dispose of said lot during the life of either said Mary D. or John A. Roberts, by any means whatsoever, whether he be authorized to do so by said Mary D. Roberts and John A. Roberts by deed or otherwise, it being the distinct understanding and meaning hereof that said lot shall be held for the term of their natural life of Mary D. and John A. Roberts and shall not be reconveyed until both are dead."

On 21 January, 1916, all the grantees in the above-mentioned deed reconveyed the property described therein to their original grantor, David J. Roberts, by full warranty deed, and, by mesne conveyances, the present plaintiffs are now the owners in fee of said house and lot, unless their title is affected by the restriction contained in the deed above mentioned.

His Honor held the restriction void, because in restraint of alienation, but, if not invalid for this reason, that it was revoked by the reconveyance of 21 January, 1916.

The judgment must be upheld on authority of *Latimer v. Waddell,* 119 N. C., 370. An absolute restraint on alienation, though for a limited time, annexed to a grant in fee, is void. *Wool v. Fleetwood,* 136 N. C., 460.

Affirmed.