JANNIE LEE JAMES ET AL. v. E. A. GRIFFIN.

(Filed 13 October, 1926.)

1. **Estates—Remainders—Contingent Interests—Deeds and Conveyances —Release—Descendible Estate.**

A contingent interest in land is generally descendible, and may be released by the contingent remainderman if specified in the instrument creating it, and he can be clearly identified.

2. **Same.**

A devise of an estate for life to the mother of the testatrix, upon her death to the daughter of testatrix, her heirs, executors and administrators, but in the event the daughter should die in the testatrix's lifetime or in the lifetime of the testatrix's mother, or thereafter without issue of her body living at the time of her death, then to the husband of the testatrix: *Held*, the daughter acquired a fee-simple title defeasible upon her dying without issue of her body living at the time of her death, and the husband being specified and certain as to the one taking upon this contingency, a deed from him to the daughter will convey his interest to her, and the daughter's deed to another a fee-simple title.

3. **Deeds and Conveyances—After Acquired Title—Estoppel.**

Where one takes a defeasible fee in lands by devise, conveys the fee-simple title with full covenants and warranty, and afterwards acquires the fee, he is estopped as against his grantee and those claiming under him from denying his title at the time of his deed.

APPEAL by defendant from *Cranmer, J.*, at August Term, 1926, of WAYNE.   Affirmed.

*Langston, Allen & Taylor for plaintiffs.*
*W. B. Yelverton for defendant.*

ADAMS, J.   This appeal is prosecuted for the review of a judgment rendered upon an agreed statement of facts.  The defendant contracted to purchase the land in question, but refused to accept the deed ten-

dered by the plaintiffs for the alleged reason that they could not convey an estate in fee. The plaintiffs trace their title through mesne conveyance back to Nina Dillon, who died leaving a last will and testament dated 8 February, 1882. The material item of the will is as follows:

"I do hereby devise and bequeath unto my beloved mother, Eliza Nixon, all of my estate of every kind to have and to hold the same for and during the term of her natural life, and upon the death of my mother, the said Eliza Nixon, I devise and bequeath all of my said estate unto my daughter, Harriet N. Dillon, to have and to hold the same to her, her heirs, executors and administrators, and in the event that my said daughter, Harriet N. Dillon, should die in my lifetime, or in the lifetime of my said mother, or after her death, without issue of her body living at the time of her death, I devise and bequeath all of my said estate to my said husband, Daniel Dillon, to have and to hold the same to him, his heirs, executors and administrators."

On 1 July, 1901, Harriet N. Dillon, who was unmarried, executed and delivered to Henry Weil and others a deed for the land described in this item with full covenants and warranties sufficient in form to convey the fee; and on 8 July, 1901, Daniel Dillon, also unmarried, conveyed to Harriet N. Dillon all his right, title and interest in the same land. Eliza Nixon died in 1885; Harriet N. Dillon is living, is about fifty years of age, and has never married; Daniel Dillon died in 1905, leaving Harriet as his only heir at law. The two questions are whether the deed to Henry Weil and others conveyed a fee and whether the plaintiffs can convey a like title to the defendant.

Under the will of Nina Dillon her daughter Harriet acquired a fee defeasible upon her dying without issue of her body living at her death; and the interest of Daniel Dillon was contingent upon this event. *Bodenhamer v. Welch,* 89 N. C., 78; *Whitfield v. Garris,* 134 N. C., 24; *Smith v. Lumber Co.,* 155 N. C., 389. Nothing else appearing Harriet could not convey the fee; but she is the only heir of the contingent remainderman and is the grantee in a deed conveying his interest in the land. A contingent interest in land is generally descendible and devisable; it may also be released if the contingent remainderman is specified and known. Here the ulterior remainderman is particularly designated in the will. *Christopher v. Wilson,* 188 N. C., 757; *Malloy v. Acheson,* 179 N. C., 90; *Hobgood v. Hobgood,* 169 N. C., 485; *Cheek v. Walker,* 138 N. C., 446; *Kornegay v. Miller,* 137 N. C., 668.

It is true the deed from Harriet N. Dillon to Henry Weil and others antedates her deed from Daniel Dillon; but she conveyed with full

LANE *v.* R. R.

covenants and warranties and is estopped as against her grantees to set up any subsequently acquired title. *Hallyburton v. Slagle,* 132 N. C., 947; *Bank v. Glenn,* 68 N. C., 36; *Hassell v. Walker,* 50 N. C., 270; *Moore v. Willis,* 9 N. C., 555. It follows that both the questions proposed should be given an affirmative answer. The judgment is therefore

Affirmed.