FRANK WILLIAMS ET AL., v. W. T. SEALY.

(Filed 30 September, 1931.)

**Wills E g—An absolute restraint on alienation annexed to a fee is void.**

A devise of land to certain named beneficiaries in fee but the land not to be sold under fifty years from the testator's death gives the devisees the immediate right of alienation, the absolute restraint on alienation being annexed to a fee is void.

APPEAL by defendant from *Daniels, J.,* at May Term, 1931, of ROBESON.

Controversy without action submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey a certain tract of land to the defendant, duly executed and tendered therefor a deed sufficient in form to invest the defendant with a fee-simple title, and demanded payment of the purchase price as agreed, but the defendant declines to accept the deed and refuses to make payment of the purchase price on the ground that the title offered is defective.

It was agreed that if, in the opinion of the court, under the facts submitted, plaintiffs were able to convey a good and indefeasible fee-simple title to the land in question, judgment should accordingly be entered for the plaintiffs, otherwise for the defendant.

The court, being of opinion that the deed tendered was sufficient to convey a full and complete fee-simple title to the land in question, gave judgment for the plaintiffs, from which the defendant appeals, assigning error.

*Johnson & Floyd for plaintiffs.*
*McLean & Stacy and Robert Weinstein for defendant.*

STACY, C. J. On the hearing, the title offered was properly made to depend upon the construction of the following limitation in the will of Miss A. E. Williams:

"The children of B. P. Williams, Tait, Frank, Roland, Dorcas and Lula, to have my land after the lease expires on it and for it not to sell under fifty years after my death."

It is conceded that if the children of B. P. Williams take a fee, with immediate power of alienation, in the land devised to them under the above clause in the will of Miss A. E. Williams, then the deed tendered is sufficient, and the judgment for the plaintiffs is correct, but defendant questions the immediate power of alienation because of the limitation against selling under fifty years from the ·death of the testatrix.

The devise to the children of B. P. Williams is in fee, and it is the holding with us that an absolute restraint on alienation, though for a limited time, annexed to a grant or devise in fee, is void. *Combs v. Paul,* 191 N. C., 789, 133 S. E., 93; *Schwren v. Falls,* 170 N. C., 251, 87 S. E., 49; *Christmas v. Winston,* 152 N. C., 48, 67 S. E., 58; *Foster v. Lee,* 150 N. C., 688, 64 S. E., 761; *Wool v. Fleetwood,* 136 N. C., 460, 48 S. E., 785; *Latimer v. Waddell,* 119 N. C., 370, 26 S. E., 122.

The judgment of the Superior Court, therefore, striking out the purported restraint on alienation and declaring the plaintiffs the owners in fee of the premises, with immediate power to dispose of the same, must be upheld. *Jus disponendi* is an incident to the ownership of property in fee.

Affirmed.