NORA LEE HEATH v. J. HICKS COREY.

(Filed 31 May, 1939.)

**Deeds § 13a—Under the facts of this case, grantee had obtained interest of the only other contingent remainderman, and could convey indefeasible fee.**

This deed was made to two of grantor's four children with provision that if one or both of the grantees died without issue her share should be equally divided among her surviving brothers and sisters.   One of the grantees conveyed all her interest in the *locus in quo* to the other grantee and both the children of grantor who were not grantees in the deed predeceased the grantees.   *Held:* In any event, the grantee to whom the other had conveyed her interest has an indefeasible fee in the property, since she alone would be entitled to the remainder over if the other grantee predeceased her without issue or if she predeceased the other grantee, such other grantee had already conveyed the contingent limitation over to her, the grantees in the deed being the only contingent remaindermen after the death of the other children of the grantor.

APPEAL from *Frizzelle, J.,* at September Term, 1938, of PITT. Affirmed.

This was a controversy without action relating to the title to land. Plaintiff has contracted to convey the land to the defendant, and has tendered deed which defendant declines to accept on the ground that the title is other than fee simple.   From judgment for plaintiff holding that plaintiff's title is good, and that her deed conveys a fee simple, defendant appealed.

*Arthur B. Corey for plaintiff.*
*Wm. J. Bundy for defendant.*

DEVIN, J. The determination of the question of title to the described land, presented by this appeal, involves construction of the deed of D. H. Allen and wife, under which the plaintiff claims. This deed was executed in 1905, and conveyed the land to Nora Lee Allen (now Heath), the plaintiff, and to Mary A. Allen (now Edwards). The *habendum* clause of the deed is in these words: "To have and to hold unto the said Mary A. Allen and Nora Lee Allen, subject to the life estate of the said D. H. Allen and Mary P. Allen, which is hereby reserved, and with the further proviso that should the said Mary A. Allen and Nora Lee Allen, or either of them, die without issue, then the share of the one or both so dying shall be equally divided among their surviving brothers and sisters."

It is admitted that D. H. Allen and Mary P. Allen, his wife, are dead, and there were born to them four children, viz.: (1) J. W. Allen, who died in 1918, leaving issue; (2) Joseph James Allen, who died in 1934, leaving issue; (3) Mary A. Edwards, now surviving, with living issue, and (4) Nora Lee Heath, the plaintiff, who has living issue. In 1928, by deed, Mary A. Edwards and her husband conveyed to Nora Lee Heath, the plaintiff, all her right, title and interest, vested and contingent, in the land in controversy.

The conveyance in 1905 by D. H. Allen and wife to Mary A. and Nora Lee contained the provision that if either or both should die without issue, the share of one or both should be "equally divided among their surviving brothers and sisters." However, since both J. W. Allen and Joseph James Allen are dead in the life time of the grantees in the deed, Nora Lee and Mary A. are the only survivors, and the limitation over in case of death without issue can only apply to one or the other of the surviving sisters. Mary A. has conveyed to Nora Lee by deed. So that in any event the deed executed by Nora Lee Heath to the defendant, which she has tendered in accordance with her contract, would carry a good and indefeasible title to the land therein described. *Woody v. Cates,* 213 N. C., 792, 197 S. E., 561; *Williams v. R. R.,* 200 N. C., 771, 158 S. E., 473.

The judgment of the Superior Court is
Affirmed.