## ELIZABETH F. CROOM v. J. H. CORNELIUS.

### (Filed 31 May, 1941.)

**1. Wills § 35c—**

An unrestricted devise followed by a provision that in the event the devisee died intestate, testator wished such devisee's share to descend to her children, vests the fee in the devisee, C. S., 4162, the precatory words being repugnant to the estate previously devised and insufficient to limit or divest it.

**2. Wills § 46: Estoppel § 2—**

Testator devised to each of his children certain lands in fee but by subsequent clause provided that if they should die without issue, the land should "revert to my other children or grandchildren." Thereafter two of the children conveyed their interests to the third child. *Held:* The child to whom the others conveyed their interests may convey the fee, since even if the devisees took a defeasible fee, the deeds executed by the two devisees would estop them and their heirs, and any interest which might accrue to them under the will would feed the estoppel.

APPEAL by defendant from *Grady, Emergency, Judge,* at April Term, 1941, of FORSYTH. Affirmed.

This was an action to determine the title to land, the subject of a contract to convey. Judgment was rendered, upon an agreed statement of facts, that plaintiff's title was good. Defendant appealed.

*Hutchins & Parker for plaintiff.*
*Henry Roane for defendant.*

DEVIN, J. The determination of the question of title to the land contracted to be conveyed involves the construction of the will of J. P. Fearrington. The testator devised his property to his wife and to their three children (one of whom is the plaintiff) in these words: "I wish my estate of whatever nature equally divided among the aforesaid four." By a

subsequent clause the testator added this provision to his will: "In the event that either child die without will, I wish that child's share to descend to his or her children (share and share alike), or if there are no surviving children to go not to any inlaws or other outsiders, but revert to my other children or grandchildren."

The provision first quoted contains an unrestricted devise, and nothing else appearing, carried the fee. C. S., 4162; *Heefner v. Thornton,* 216 N. C., 702, 6 S. E. (2), 506. In the subsequent clause, the words "in the event that either child die without will, I wish that child's share to descend to his or her children," must be held repugnant to the estate previously devised and insufficient to limit or divest it. *Barco v. Owens,* 212 N. C., 30, 192 S. E., 862.

The only difficulty arises upon consideration of the latter portion of the clause, which contains this language: "if there are no surviving children . . . to revert to my other children or grandchildren." By these words it is apparent that the testator intended to provide that in the event either of his three children should die without surviving issue, that child's share should pass to the other children and their lineal descendants. It was admitted that by proper deed all the other devisees under the will have conveyed their interests in the land to the plaintiff. So that whether, under the principle enunciated in *Barco v. Owens, supra,* the clause should be disregarded, or whether it should be construed as providing a contingency upon the happening of which the title may be defeated, *Hampton v. West,* 212 N. C., 315, 193 S. E., 290, it is apparent that in the most favorable light for the defendant a fee was devised to the plaintiff and her brother and sister defeasible only in the event of the death of either without surviving issue. Hence, upon the happening of the condition of defeasance, under the will the title must descend in the same channel and by the same line of descent as if no provision for defeasance had been inserted in the will. That is upon the death of either of the three children, without surviving issue, the title would descend successively to the others. There is no further limitation. *Heath v. Corey,* 215 N. C., 721, 2 S. E. (2d), 858. Plaintiff's title is supported by deed from all the other devisees under the will, from all those to whom in the event of the happening of the contingency the land would descend. Hence they and their heirs would be estopped by their deed. *James v. Griffin,* 192 N. C., 285, 134 S. E., 849; *Crawley v. Stearns,* 194 N. C., 15, 138 S. E., 403; *Woody v. Cates,* 213 N. C., 792, 197 S. E., 561; *Ins. Co. v. Sandridge,* 216 N. C., 766, 6 S. E. (2d), 876; *Thames v. Goode,* 217 N. C., 639, 9 S. E. (2d), 485; 10 Am. Jur., 610; 58 A. L. R., 346. The interests of the other devisees, if they should accrue, would feed the estoppel. *Door Co. v. Joyner,* 182 N. C., 518, 109 S. E., 259.

The ruling of the court below that upon the facts agreed plaintiff's deed would convey a good title to the defendant, is

Affirmed.