DENNIS F. JOHNSON AND WIFE, ANN JOHNSON; MIRIAM L. HUMPLETT AND HUSBAND, J. BARTON HUMPLETT; ROSA J. HARRELL AND HUSBAND, W. B. HARRELL; AND ROSA J. HARRELL, GUARDIAN OF FRANCES IRENE JOHNSON AND FRANKFORD MILAND JOHNSON, v. C. T. GAINES AND J. C. KIRKMAN, TRADING AS GAINES AND KIRKMAN.

(Filed 28 September, 1949.)

**Wills § 33i—**

Where a will devises the fee in lands and by later item expresses testator's intent that all the real estate be kept intact for a period of 35 years and then equally divided between the beneficiaries, and that no part of the lands should be sold or encumbered during that period, *held*, the attempted restraint on alienation, annexed to the devise in fee, is void.

APPEAL by defendants from *Carr, J.,* at Chambers in Burlington, N. C., 20 July, 1949. From MARTIN.

Controversy without action submitted on an agreed statement of facts.

Dennis F. Johnson and wife, Ann Johnson, contracted to convey to the defendants a certain tract of land, and duly executed and tendered a deed therefor, sufficient in form to vest the defendants with a fee simple title thereto, and demanded the contract price, but the defendants declined to accept the deed or pay the purchase price on the grounds that the title is defective.

It appears of record, that F. M. Johnson, who died in 1936, devised his two-thirds undivided interest in the property involved herein to his wife, Rosa J. Johnson, for life, she being the owner in fee simple of a one-third undivided interest in the land. He then devised the remainder of his interest in the land to his children, naming them, share and share alike. In later Items of his will, he expresses it to be his will and desire that all his real estate be kept intact for a period of thirty-five years from the date of his death, and then to be equally divided between his children, and that during the thirty-five year period no part of the land shall be sold or the interest of his minor children encumbered by their guardian.

All the other beneficiaries under the last will and testament of F. M. Johnson have conveyed to Dennis F. Johnson, one of the beneficiaries under the will, all their right, title and interest in and to the property in question, including Rosa J. Johnson, now Rosa J. Harrell, who has conveyed to him her life estate as well as her one-third interest in the property.

It was agreed that if, in the opinion of the court, under the facts submitted, the deed tendered by the plaintiffs Dennis F. Johnson and wife, Ann Johnson, is sufficient to convey a good and indefeasible fee simple title to the land in question, the judgment should be rendered in favor of the plaintiffs, otherwise for the defendants.

The court being of the opinion that the deed tendered was sufficient to convey a fee simple title to the lands in question, gave judgment for the plaintiffs, and the defendants appeal and assign error.

*J. W. H. Roberts for plaintiffs.*
*Peel & Peel for defendants.*

DENNY, J. It is conceded that the tendered conveyance is valid unless the immediate power of alienation is affected by the expressed desire of the testator that no part of the property be sold for a period of thirty-five years after his death.

It has been uniformly held by this Court that an absolute restraint on alienation, for any length of time, annexed to a grant or devise in fee, is void. A condition subsequent attempting to limit the right of a devisee to sell or mortgage such devised premises will be regarded as inoperative and void. *Douglass v. Stevens,* 214 N.C. 688, 200 S.E. 366; *Barco v. Owens,* 212 N.C. 30, 192 S.E. 862; *Williams v. Sealy,* 201 N.C. 372, 160 S.E. 452; *Combs v. Paul,* 191 N.C. 789, 133 S.E. 93; *Brooks v. Griffin,* 177 N.C. 7, 97 S.E. 730; *Schwren v. Falls,* 170 N.C. 251, 87 S.E. 49; *Holloway v. Green,* 167 N.C. 91, 83 S.E. 243; *Trust Co. v. Nicholson,* 162 N.C. 257, 78 S.E. 152; *Christmas v. Winston,* 152 N.C. 48, 67 S.E. 58.

The judgment of the court below is
Affirmed.