LEO MANGUM, JULIA M. ROWE AND HER HUSBAND CLYDE ROWE, T. G. LATTA AND HIS WIFE MAMIE LATTA, HUGH LATTA AND HIS WIFE ESTHER LATTA, PHILLIPS B. LATTA, PATTIE M. SCARBOROUGH AND HER HUSBAND GEORGE W. SCARBOROUGH, J. K. VAUGHAN, EARL C. VAUGHAN, LOUISE V. GARRARD AND HER HUSBAND ERNEST GARRARD, EMMA K. VAUGHAN, SALLIE VAUGHAN SMITH AND HER HUSBAND W. T. SMITH, AND VIVIAN VAUGHAN v. CHARLES WILSON AND HIS WIFE, LENA WILSON.

(Filed 9 April, 1952.)

**1. Wills § 31—**

The intent of testator as ascertained from the language of the instrument must be given effect unless contrary to some rule of law or at variance with public policy.

**2. Wills § 33a—**

A devise of the use, income, rents and profits from property indefinitely will be held a devise in fee simple unless it appear in plain and express words of the instrument that testator intended to convey an estate of less dignity.

**3. Same—**

A devise to testator's wife for life ". . . remainder to stand as it is all together, and the clear rents to be equally divided among all my five children . . . If my children marry and die leaving children their part shall go to their children. If any of my children die without heirs their part shall return to" testator's bodily heirs, *is held* a devise of the remainder in fee to the children of testator as tenants in common.

**4. Wills § 33i—**

Where testator's children take the fee in remainder as tenants in common, a provision of the devise that ". . . remainder to stand as it is all together, . . . except they all should agree to sell some part of it," *is held* merely a recognition that it might not be practical or desirable to keep the entire estate intact, but if it be construed as a restraint on alienation it is void, and testator's children can convey the fee simple.

**5. Wills § 46—**

Deed executed by testator's only surviving child and all of testator's grandchildren, all being *sui juris* and under no disability, and there being no great-grandchildren not represented by a living parent, conveys the fee simple in lands devised to testator's children or their heirs regardless of whether testator's child held a life estate or a defeasible fee, since any heir not a party to the deed would be estopped from claiming any interest in the land by the warranty deed of his ancestor.

APPEAL by defendants from *Crisp, Special Judge,* February Term, 1952, of DURHAM.

Controversy without action submitted on an agreed statement of facts.

The plaintiffs and the defendants entered into a written contract for the sale and purchase of certain real property owned by the plaintiffs, situate in the City of Durham, for a consideration of $60,000. The plaintiffs duly executed and tendered to the defendants a deed therefor, sufficient in form to vest the defendants with a fee simple title thereto, and demanded payment in accordance with the terms of the contract, but the defendants declined to accept the deed and pay the purchase price, contending that the plaintiffs' title is defective.

The facts agreed upon, which are necessary to a disposition of this appeal, are as follows:

1. That Priestley Jackson Mangum died on 9 May, 1905, leaving a last will and testament which was duly admitted to probate in the office of the Clerk of the Superior Court of Durham County, North Carolina, and recorded in Book of Wills B, at page 151.

2. That at the time of the death of Priestley Jackson Mangum, he was seized and possessed of certain real estate in the City of Durham, including that certain tract or parcel of land located on the south side of East Main Street, designated as 104 East Main Street, and fully described in deed to P. J. Mangum recorded in Deed Book 2, at page 577, in the office of the Register of Deeds for Durham County.

3. That the said Priestley Jackson Mangum left him surviving his widow, Sallie Anne Mangum, and all of his children, viz.: Hugh Mangum, Leo Mangum, Pattie Mangum Latta (Mrs. C. L. Latta), Lula Mangum, and Sallie Jackson Mangum (Mrs. J. Knox Vaughan).

4. That a strip of land eleven inches in width on the west side of the tract hereinabove referred to, was conveyed to the widow and children

(herein named) of Priestley Jackson Mangum by deed dated 6 July, 1908, to be held "in such manner and upon such conditions as they now hold and take the real estate under the will of P. J. Mangum . . ."

5. That Sallie Anne Mangum, widow of Priestley Jackson Mangum, died without having remarried.

6. That Leo Mangum, a son of the testator, is his only living child, but he has never married and has no children.

7. That Lula Mangum, a daughter of the testator, is now dead, intestate, was never married but legally adopted a niece, Pattie Latta (later Pattie Latta Mangum), and now the wife of George W. Scarborough, and one of the plaintiffs herein; that the question of said Pattie M. Scarborough's right to represent her adopted parent is not here presented inasmuch as her rights have been settled by contract among all the parties plaintiff hereto.

8. Hugh Mangum, a son of the testator, and Anne Mangum, whom he married, are both dead, intestate, and left as their only child Julia E. Mangum, a plaintiff herein, now the wife of Clyde Rowe.

9. That Pattie Mangum, a daughter of the testator, and Charles L. Latta, whom she married, are both now dead, intestate, leaving the following children, each of whom is a plaintiff herein: Thomas Garland Latta, whose wife is Mamie Latta; Hugh Latta, whose wife is Esther Latta; Phillips Brooks Latta (single); Pattie Latta (Mangum) Scarborough, whose husband is George W. Scarborough.

10. That Sallie Jackson Mangum, a daughter of the testator, and John Knox Vaughan, whom she married, are both now dead, intestate, leaving the following children, each of whom is a plaintiff herein: J. K. (Jack) Vaughan (single); Earl C. Vaughan (widower); Louise Vaughan Garrard, whose husband is Ernest W. Garrard; Emma K. (Polly) Vaughan (single); Sallie Vaughan Smith, whose husband is William T. Smith; Lula Vivian Vaughan (single).

11. That the above plaintiffs in this action comprise the sole living child and all of the grandchildren of the testator; that all of the plaintiffs, and the spouse of each who is married, are *sui juris* and more than 21 years of age; that, of the plaintiffs, a number have children who are therefore great-grandchildren of the testator, but there is no great-grandchild of the testator living whose parent of the testator's blood is not also living.

12. That the real estate involved herein is held pursuant to the following item in the will of Priestley Jackson Mangum:

"2nd. My will is that my beloved wife, Sallie Anne Mangum, shall have all my property, both real and personal, during her natural life, and at her death my will is for all my property, both real and personal, to remain as it is until the youngest child, Sallie Jackson Mangum, becomes

twenty-one years of age, and then Lula and Leo Mangum is to have $250.00 each first and remainder to stand as it is all together, and the clear rents to be equally divided among all my five children, except they all should agree to sell some part of it. If my children marry and die leaving children their part shall go to their children. If any of my children die without heirs their part shall return to the Mangum bodily heirs. If my grandchildren die under age their part of my property shall return also to the Mangum bodily heirs."

13. It was agreed and stipulated that this cause might be heard and judgment entered therein upon the pleadings and the agreed statement of facts, and the judgment might be entered in or out of term and in or out of the Tenth Judicial District.

The parties having agreed that the question as to whether plaintiffs can convey a good and indefeasible fee to the property involved is dependent upon a construction of Item Two of the last will and testament of P. J. Mangum, deceased, and the court below being of the opinion that the plaintiffs are authorized and empowered by the provisions of said will to convey to the defendants a good and indefeasible title to the premises in question, entered judgment accordingly and directed the defendants to comply with the terms of their purchase agreement upon delivery to them of the deed heretofore tendered by the plaintiffs.

The defendants appeal, assigning error.

*Fuller, Reade, Umstead & Fuller and A. H. Graham, Jr., for defendants, appellants.*

*W. J. Brogden, Jr., for plaintiffs, appellees.*

Denny, J. It appears from the agreed statement of facts that the plaintiffs, other than Leo Mangum, include all of the grandchildren of P. J. Mangum, the testator, together with the spouse of each grandchild who is married. Each plaintiff is more than 21 years of age and is under no disability. A number of these grandchildren have children who are great-grandchildren of the testator, but no great-grandchild of P. J. Mangum, deceased, is living whose parent of the testator's blood is not also living. Therefore, the appellants concede that the plaintiffs, other than Leo Mangum, are seized in fee simple of an undivided four-fifths interest in the property they have contracted to sell.

The only question for determination is whether Leo Mangum, the sole surviving child of the testator, can convey a good and indefeasible fee simple title to the remaining one-fifth undivided interest in the property. This question necessitates an examination of the provisions of the testator's will in order to ascertain his intent. And his intent should be given effect, unless contrary to some rule of law or at variance with public policy. *Buffaloe v. Blalock*, 232 N.C. 105, 59 S.E. 2d 625, and cited cases.

It appears that the testator assumed that his widow, Sallie Anne Mangum, to whom he gave all his property, both real and personal, during her natural life, would not live until their youngest child had attained the age of 21 years. This interpretation is supported by the language in the will as follows: ". . . at her death (referring to the death of his wife) my will is for all my property, both real and personal, to remain as it is until the youngest child, Sallie Jackson Mangum, becomes twenty-one years of age, and then Lula and Leo Mangum is to have $250.00 each first and the remainder to stand as it is all together, and the clear rents to be equally divided among all my five children, except they all should agree to sell some part of it."

This appeal requires an interpretation of the following portion of the will: ". . . remainder to stand as it is all together, and the clear rents to be equally divided among all my five children, except they all should agree to sell some part of it. If my children marry and die leaving children, their part shall go to their children. If any of my children die without heirs, their part shall return to the Mangum bodily heirs."

Since the enactment of Section 12, Chapter 22 of the Public Laws of 1784 (Potter's Code, Chapter 204, Section 12), now G.S. 31-38, when real estate is devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Lineberger v. Phillips,* 198 N.C. 661, 153 S.E. 118; *Roane v. Robinson,* 189 N.C. 628, 127 S.E. 626; *Barbee v. Thompson,* 194 N.C. 411, 139 S.E. 838; *Patrick v. Morehead,* 85 N.C. 62. "Indeed, it is generally necessary that restraining expressions should be used to confine the gift to the life of the legatee or devisee." *Holt v. Holt,* 114 N.C. 241, 18 S.E. 967; *Lineberger v. Phillips, supra.*

In the case of *Patrick v. Morehead, supra, Ashe, J.,* in speaking for the Court, quoted with approval from the opinion in the New York case of *Jackson v. Robins,* 16 Johnson, 537, as follows: "We may lay it down as an incontrovertible rule that where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee, and the only exception to the rule is where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposition." It is also generally held that a devise of the use, income, rents, and profits of property, amounts to a devise of the property itself, and will pass the fee, unless the will shows an intent to pass an estate of less dignity. *Burcham v. Burcham,* 219 N.C. 357, 13 S.E. 2d 615; *Schwren v. Falls,* 170 N.C. 251, 87 S.E. 49; *Perry v. Hackney,* 142 N.C. 368, 55 S.E. 289, 19 Am. Jur., Estates, section 24, page 484.

"A devise generally or indefinitely with power of disposition creates a fee." *Hardee v. Rivers,* 228 N.C. 66, 44 S.E. 2d 476; *Roane v. Robinson, supra; Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892.

Consequently, in view of the rule of construction laid down in G.S. 31-38, and our decisions pursuant thereto, together with the general rule that a devise of the use, income, rents, and profits of property, is tantamount to a devise of the property itself, unless the will shows in plain and express words that the testator intended to convey an estate of less dignity, we hold that P. J. Mangum devised his property to his five children to be held as tenants in common in fee simple. *Taylor v. Taylor,* 228 N.C. 275, 45 S.E. 2d 368; *Croom v. Cornelius,* 219 N.C. 761, 14 S.E. 2d 799; *Hambright v. Carroll,* 204 N.C. 496, 168 S.E. 817. We do not think the expression "except they all should agree to sell some part of it," was intended to be a restriction upon the power of alienation or an indication of the testator's intent to vest in his children less than a fee simple estate. Having stated in his will, ". . . remainder to stand as it is all together, and the clear rents to be equally divided among all my five children," we think the reference to a sale of some part of his estate was merely a recognition of the fact that it might not be practical or desirable for his children to keep the entire estate intact and retain title to all of it. If, however, he intended it to be a limitation upon the right of alienation, or partition, we hold it to be void. *Johnson v. Gaines,* 230 N.C. 653, 55 S.E. 2d 191; *Croom v. Cornelius, supra; Barco v. Owens,* 212 N.C. 30, 192 S.E. 862; *Williams v. Sealy,* 201 N.C. 372, 160 S.E. 452; *Combs v. Paul,* 191 N.C. 789, 133 S.E. 93; *Carroll v. Herring, supra; Schwren v. Falls, supra; Wool v. Fleetwood,* 136 N.C. 460, 48 S.E. 785, 67 L.R.A. 444; *Latimer v. Waddell,* 119 N.C. 370, 26 S.E. 122, 3 L.R.A. (N.S.) 668.

Furthermore, it would make no difference in the instant case were we to hold that Leo Mangum has only a life estate with power to sell or a defeasible fee with such power (*Mabry v. Brown,* 162 N.C. 217, 78 S.E. 78), since in either event should he die leaving issue, such issue would be estopped from claiming any interest in this particular property by the warranty in his deed to these defendants. *Buffaloe v. Blalock, supra; Croom v. Cornelius, supra; Thames v. Goode,* 217 N.C. 639, 9 S.E. 2d 485; *Insurance Co. v. Sandridge,* 216 N.C. 766, 6 S.E. 2d 876; *Woody v. Cates,* 213 N.C. 792, 197 S.E. 561; *Williams v. R. R.,* 200 N.C. 771, 158 S.E. 473. Likewise, since all the Mangum bodily heirs who would hold a contingent interest in Leo Mangum's one-fifth undivided interest, in his father's estate, under such construction, are parties to this proceeding and have executed a deed to the premises involved, should Leo Mangum die without leaving issue, they, as well as those claiming under them, would be estopped by the warranty in their deed from claiming any

interest in the premises conveyed to the defendants. *Buffaloe v. Blalock, supra; Croom v. Cornelius, supra; Thames v. Goode, supra; Woody v. Cates, supra; Grace v. Johnson,* 192 N.C. 734, 135 S.E. 849; *James v. Griffin,* 192 N.C. 285, 134 S.E. 849; *Williams v. Biggs,* 176 N.C. 48, 96 S.E. 643; *Hobgood v. Hobgood,* 169 N.C. 485, 86 S.E. 189.

The judgment of the court below is
Affirmed.