WILLIAM H. POINDEXTER v. WACHOVIA BANK AND TRUST COM-
PANY, EXECUTOR AND TRUSTEE UNDER THE WILL OF DORA L. POIN-
DEXTER; LAFAYETTE WILLIAMS, GUARDIAN AD LITEM FOR JULIA
LEE POINDEXTER AND PEGGIE ELIZABETH POINDEXTER, BOTH
MINORS; AND SAMUEL G. SEAWELL, GUARDIAN AD LITEM FOR THE UN-
BORN ISSUE OF WILLIAM H. POINDEXTER.

(Filed 11 January 1963.)

**1. Judgments § 32; Wills § 39—**

A provision of a judgment to which no exception is taken is binding
on the parties, the appeal relating solely to other provisions of the judg-
ment.

**2. Wills § 33—**

Where testatrix's son is given the entire beneficial interest of a trust
with limitations over to others in the event the son should die leaving
no issue, the son ordinarily takes a fee defeasible in trust, but when
it is apparent from the will, construed in its entirety in the light of the
attendant circumstances, that the testatrix intended to provide for the
support of her son for his life only, with limitation over in the event
the son should die with issue him surviving as well as in the event he
should die without surviving issue, such intent will be given effect and
the son takes only a life estate in trust.

**3. Wills § 27—**

The intent of testatrix is her will and must be carried out unless some
rule of law forbids it.

**4. Same—**

Where there is a latent ambiguity as to the object of a devise or be-
quest, a former will is admissible as bearing upon the intention of
testatrix.

**5. Wills § 65—**

Testatrix left property in trust to her son for life with remainder
over to his issue, and in the event the son should leave no issue, to
testatrix's brothers and sisters. All except one of testatrix's brothers and
sisters predeceased her, and the sister who survived her died during
the lifetime of the son. *Held:* The limitation over to the brothers and
sisters of testatrix lapsed, since the children of the brothers and sisters
of testatrix who predecease testatrix do not qualify under G.S. 31-42, and
no transmittible estate vested in the sister of testatrix who died during
the lifetime of testatrix's son.

**6. Wills § 30—**

A vested estate is transmittible, a contingent estate is not.

**7. Wills § 40—**

A devise to a person and his issue violates the rule against perpetuities
when the word "issue" is used in its technical sense to designate a
perpetual succession of lineal descendants.

**8. Wills § 27—**

The presumption that technical words are used in their technical sense does not obtain over testatrix's intent as gathered from the entire instrument and the attendant circumstances.

**9. Same—**

Where a provision of a will is susceptible to two constructions, one of which would be valid and operative and the other invalid, the former must be preferred.

**10. Same—**

The presumption that a testator did not intend to die intestate will be employed as an aid in ascertaining his intent.

**11. Wills § 42—**

A limitation over to the "issue" of the life tenant will be construed to mean "children" or issue living at the death of the life tenant when such intent is apparent from the entire instrument and the attendant circumstances, and the fact that at the time of the execution of the will testatrix had a son but no grandchildren may in proper instances indicate that testatrix did not intend more remote issue as the object of her bounty.

**12. Wills § 40—**

Testatrix left property in trust for the benefit of her son for life with limitation over to his issue. *Held:* It being apparent from the will and the attendant circumstances that testatrix used the word "issue" to mean issue living at the time of the son's death, the provision does not violate the rule.

**13. Wills § 33—**

Where the testamentary trust provides that testatrix's grandchildren should receive the income from the trust indefinitely, and there is no limitation over, the grandchildren take the fee, subject to the trust, in the absence of plain and express language indicating testatrix's intention to convey an estate of less dignity.

**14. Wills § 40—**

Where the beneficial interest vests within the time specified by the rule against perpetuities, the fact that the trust may not terminate until thereafter does not violate the rule against perpetuities.

**15. Trusts § 3—**

Where property is left in trust for the purpose of providing for the support of the beneficiaries, the trust is an active trust and the legal and equitable titles do not merge. G.S. 41-7.

**16. Wills § 27—**

Where there is an irreconcilable conflict between two clauses of a will, the second clause ordinarily prevails over the first.

**17. Wills § 54—**

While the term "personal property" includes in its broadest sense all of testator's property except land or interests in land, the meaning of

the term varies according to the subject matter and context, and when to construe it in its technical sense would result in an irreconcilable conflict with a prior provision and defeat the obvious intent of testatrix, the term will be construed in its popular sense as embracing only tangible goods and chattels.

**18. Wills § 27—**

Expressions in a will must be considered with a view to the context and the circumstances of their use.

**19. Wills § 36—**

A bequest of personal property to testatrix's son to be used by him as long as he should live and by his issue also and then to testatrix's brothers and sisters "the same as the other property," *is held* to give the son absolutely the personal property consumed in its use, but as to personal property permanent in its nature, it transfers only a life estate to the son with the same future interests in such personalty as were provided for the other property. G.S. 39-6.3.

SHARP, J., not sitting.

APPEAL by defendants from *Gambill, J.,* August 27, 1962, Term of FORSYTH.

This is a proceeding under the Declaratory Judgment Act (G.S., Ch. 1, Art. 26) for construction of the will of Dora L. Poindexter.

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson, and G. D. Humphrey, Jr., for plaintiff.*

*Womble, Carlyle, Sandridge & Rice and W. P. Sandridge for defendant Wachovia Bank and Trust Company, Executor and Trustee.*

*LaFayette Williams, Guardian Ad Litem for Peggie Elizabeth Poindexter, defendant.*

*Samuel G. Seawell, Guardian Ad Litem for the unborn issue of William H. Poindexter, defendant.*

MOORE, J. Dora L. Poindexter executed a will on 10 January 1923 and another on 10 February 1936. She died on 4 October 1952 and both paper writings were admitted to probate in common form as her last will and testament by the Clerk of the Superior Court of Forsyth County on 16 October 1952.

Dora L. Poindexter was survived by the following: a son, William H. Poindexter; two minor granddaughters, Julia Lee Poindexter and Peggie Elizabeth Poindexter, children of William H. Poindexter; a sister, Cora A. Philpott; and "children of one or more (of testatrix's) brothers or sisters who had predeceased her."

The will of 10 February 1936 is in pertinent part as follows:

"First, after paying any just debts and funeral expenses including an appropriate family monument to cost not exceeding $500.00 I trust all of the balance of my property which I shall own at the time of my death to Wachovia Bank and Trust Company to be held in trust for my son William Harvey Poindexter and be paid out to him in the manner herein after stated.

"2nd. To pay to my said son for his use all of the net income from my estate for the purpose of giving him proper support and if he should get disable to work and if the income is not sufficient, I direct that so much of the principal be used as may be deemed wise to properly support him.

"Three (3) Personal property to be owned and used by him as long as he should live and by his issue also. Then to go to my brothers and sisters the same as the other property.

"Fourth, if however my son should die leaving issue then his issue shall receive the income from my estate as he did. But if he should leave no issue then I will and direct that what remains of my property . . . be divided between my brothers and sisters that is living and have led a sober and good life in every way."

The Wachovia Bank and Trust Company accepted the trust and entered upon its duties as trustee.

William H. Poindexter, son of testatrix, instituted this action and asked the court to declare: (1) that the will of 10 February 1936 revoked the will of 10 January 1923; (2) that the "beneficial interest" in the trust "will not in all events vest within the life or lives of a person or persons in being at the death of the testatrix plus twenty-one (21) years and ten (10) lunar months; the trust therefore fails and the property . . . passes to the heirs and next of kin of testatrix under the laws of intestacy"; and (3) plaintiff is entitled to the property absolutely, free of the trust.

Cora A. Philpott, sister of testatrix, died before the institution of this action, and none of testatrix's nieces and nephews or collateral kinsmen are parties to the action. Guardians *ad litem* were appointed for the children of William H. Poindexter and for his unborn issue, and they filed answers. The trustee answered. Julia Lee Poindexter came of age before judgment was entered and filed answer in her own behalf. The answers contest the legal construction placed on the will by plaintiff.

The facts, hereinbefore recited, are not in dispute. In the judgment the court below made the following judicial declarations:

1. ". . . (T)he will of Dora L. Poindexter dated February 10, 1936, revoked the paper writing . . . dated January 10, 1923, and is the last will and testament of Dora L. Poindexter."

2. All necessary parties are before the court.

3. The word "issue" as used in item fourth of the will means "a perpetual succession of lineal descendants of William H. Poindexter," and the will "purports to create a trust in which the beneficial interest therein will not in all events vest within the life or lives of a person or persons in being at the death of the testatrix plus twenty-one (21) years and ten lunar months. . . ." Therefore the purported trust is void as violative of the rule against perpetuities.

4. The property held by the trustee vested in William H. Poindexter by the laws of intestate succession as of the date of the death of testatrix and he is entitled to the property.

All defendants appealed. There is no exception to the adjudication that the will of 10 February 1936 revoked the former will, and the judgment is, as to this declaration, binding on the parties. *Humphrey v. Faison*, 247 N.C. 127, 100 S.E. 2d 524; *Bell v. Gillam*, 200 N.C. 411, 157 S.E. 60. Defendants challenge the other declarations listed above.

The trust provisions of the will are in pertinent part as follows: "I trust . . . my property . . . to Wachovia . . . to be held in trust for my son William Harvey Poindexter and to be paid out to him in the manner herein after stated. To pay to my son for his use all of the net income from my estate . . . and if the income is not sufficient, I direct that so much of the principal be used as may be deemed wise to properly support him. . . . (I)f however my son should die leaving issue then his issue shall receive the income from my estate as he did. But if he should leave no issue then I will and direct that what remains of my property . . . be divided between my brothers and sisters that is living. . . ."

Some of the language of the will and some of the facts appearing in the record seem, at first glance, to indicate that testatrix intended that William have a fee defeasible in the trust property, subject to the trust. The property is "to be held in trust for . . . William Harvey Poindexter." In the 1923 paper writing testatrix made provision for her husband's support, but there is no mention of him in the later will and it is assumed that he died in the meantime. William had no children in 1936 and if he was married at that time the record does not show it. Both daughters were minors when this action was commenced and could not have been living in 1936. So it is apparent that William was the primary natural object of testatrix's bounty. Nevertheless, when the entire will and all the record facts are considered, we are of the

opinion that testatrix intended for William only a beneficial life estate, that is, all of the net income from the trust estate and a sufficiency of the corpus for his proper support so long as he lives. The intent of the testatrix is her will and must be carried out unless some rule of law forbids it. *Barton v. Campbell*, 245 N.C. 395, 95 S.E. 2d 914. There are limitations over to take effect if he dies either with or without issue him surviving, that is, his estate is limited in either event. In 1923 William had not reached college age, and the paper writing executed by testatrix that year made provision for his "education through college" and states that "when he becomes thirty years of age (trustee) to pay to him one half that remains of . . . said estate and when he becomes thirty-five years of age (if he has used the one half wisely and made good with it as the good men of the Bank and Trust Co. may have advised him) then to pay over to him the balance of my said estate and close the trust herein created. But if he should spend the first one half extravagantly and not used or invested it to a good advantage the Wachovia . . . to hold in trust for him five years more." Further, if William dies "before receiving his legacy leaving issue then his issue shall receive the estate." Where there is a latent ambiguity as to the object of a devise or bequest former wills are admissible as bearing upon the intention of the testator. 57 Am. Jur., Wills, s. 1107, p. 708. In the 1936 will Mrs. Poindexter makes no devise or bequest of the trust corpus to her son, except such as is necessary for his proper support. The last will states specifically what is to be paid to the son and what benefits he is to receive. It indicates why the property is put in trust for him — his support. We do not speculate as to what occurred to cause testatrix to change her intentions, but it is clear that she did. William Harvey Poindexter is vested of a beneficial life estate.

We next consider, out of order, the executory devise to brothers and sisters, to wit: ". . . (I)f he (William) should leave no issue then I will and direct that what remains of my property . . . be divided between my brothers and sisters that is living. . . ." The expression "that is living" means those living at his death. All of testatrix's brothers and sisters are now dead. All predeceased Mrs. Poindexter except Mrs. Philpott, and she died before this litigation commenced. The class is extinct and there are no executory devisees to answer roll call at William's death. The children and issue of the brothers and sisters who predeceased testatrix do not qualify under the terms of G.S. 31-42. At testatrix's death Mrs. Philpott had neither the immediate right of present enjoyment nor a present fixed right of future enjoyment. An executory interest is not vested until the time comes for taking possession. *Parker v. Parker*, 252 N.C. 399, 405, 113 S.E. 2d 899. A vested estate is

transmittible, a contingent estate is not. *Trust Co. v. Schneider,* 235 N.C. 446, 452, 70 S.E. 2d 578. Testatrix's nieces and nephews are not necessary parties to this action. The executory devise has lapsed.

The will provides: ". . . (I)f my son should die leaving issue then his issue shall receive the income from my estate as he did." This clause is the principal subject of debate on this appeal. Plaintiff contends. and the court below decided, that the word "issue" as used here "means a perpetual succession of lineal descendants of William H. Poindexter," and the clause is violative of the rule against perpetuities. If the clause is considered out of relation to the rest of the will, the ruling seems justified. The word 'issue" in its strict technical sense includes an indefinite succession of lineal descendants. And a devise or bequest to "issue" in this sense violates the rule against perpetuities and is void. *Elledge v. Parrish,* 224 N.C. 397, 30 S.E. 2d 314; *Edmondson v. Leigh,* 189 N.C. 196, 126 S.E. 497; *Albright v. Albright,* 172 N.C. 351, 90 S.E. 303; *Harrell v. Hagan,* 147 N.C. 111, 60 S.E. 909. But courts are not required to indulge the presumption of technical use of words against the testamentary intent from a contextual construction of the will. *Elledge v. Parrish, supra.* The presumptions are contrary to plaintiff's interpretation. If under one construction a devise or bequest would become an illegal perpetuity while under another construction it would be valid and operative, the latter mode must be preferred. 57 Am. Jur., Wills, s. 1126, pp. 720-1. It is presumed that a testator did not intend to die intestate, and this presumption will be employed as an aid in seeking to ascertain his intent. *Finch v. Honeycutt,* 246 N.C. 91, 97 S.E. 2d 478. At the time of the execution of the will (1936) testatrix had one child and no grandchildren, and at the time of her death she had two grandchildren and no great-grandchildren. "The absence of remote issue at the time of making a will has in some instances given rise to a presumption that such issue were not intended as objects of testator's bounty." 117 A.L.R. 698. "A limitation or gift over to issue does not offend the rule against perpetuities where the context or surrounding circumstances show that the word issue is used in a limited sense as meaning issue living at a date within the period specified by the rule. . . ." 70 C.J.S., Perpetuities, s. 14, p. 593. In our opinion testatrix, in the instant case, did not have in mind an indefinite succession of lineal descendants. She intended to make provision for the issue of William living at the time of his death. In the 1923 will testatrix had provided that, if her son died before receiving his legacy leaving issue, his issue should receive the estate, that is, receive it at his death. Her 1936 will, considered as a whole, indicates that the ultimate disposition of the property should be determined as of the time of the death of William. The roll is to be called at

William's death. *Turpin v. Jarrett*, 226 N.C. 135, 136, 37 S.E. 2d 124; *Faison v. Odom*, 144 N.C. 107, 56 S.E. 793.

At this point we are concerned with the quality of the estate the issue take. The clause with respect to the "issue" mentions only the *income*. But a devise of the use and profits from property indefinitely will be held a devise in fee simple unless it appears in plain and express words of the instrument that the testator intended to convey an estate of less dignity. *Mangum v. Wilson*, 235 N.C. 353, 70 S.E. 2d 19. The *Mangum* case is factually analagous to the case at bar. There the testator made a devise to his wife for life, "remainder to stand as it is altogether" and the rents to be equally divided among his five children. It was held that there was a devise of the remainder in fee to the children. In *Finch v. Honeycutt, supra,* it is said: ". . .(T)he doctrine of devise or bequest by implication is well established in our law. *Burcham v. Burcham*, 219 N.C. 357, 13 S.E. 2d 615. See also *Burney v. Holloway*, 225 N.C. 633, 36 S.E. 2d 5; *Efird v. Efird*, 234 N.C. 607, 68 S.E. 2d 279." There was no limitation over after the bequest to issue, in the case at bar. If William died leaving no issue the brothers and sisters who could qualify were to take the fee. G.S. 31-38. Testatrix certainly did not intend that her collateral kinsmen should have an estate of greater dignity than her own descendants who survived her son. The issue surviving at William's death take the fee, subject to the trust. It must be understood that we do not undertake in this opinion to anticipate and provide for contingencies which might or might not arise, nor do we deal with legal questions not presented on this appeal.

Plaintiff also insists that the trust itself offends the rule against perpetuities in that it will not in all events terminate within a life in being at the death of testatrix plus twenty-one years and ten lunar months. It is true that there is a possibility that the trust will extend beyond such period. It was formerly the law in this jurisdiction that a trust for private purposes must *terminate* within a life or lives in being and twenty-one years and ten lunar months thereafter. *Mercer v. Mercer*, 230 N.C. 101, 52 S.E. 2d 229; *Trust Co. v. Williamson*, 228 N.C. 458, 46 S.E. 2d 104; *Springs v. Hopkins*, 171 N.C. 486, 88 S.E. 774. But the principle is now established that the rule against perpetuities "does not relate to and is not concerned with the postponement of the full enjoyment of a vested estate. The time of the vesting of title is its sole subject matter. . . . The question is not the length of the trust but whether title vested within the required time." *McQueen v. Trust Co.*, 234 N.C. 737, 68 S.E. 2d 831. *Finch v. Honeycutt, supra,* is not in conflict with the *McQueen* decision as has been suggested (36 N.C. Law Rev. 467). In the case at bar the title vests in the beneficiaries in any event no later than ten lunar months following the death

of William Harvey Poindexter, a life in being at the death of testatrix. The trust will terminate at the death of the issue of William who are living or *en ventre sa mere* at his death. The equitable and legal titles of said issue of William will not merge. In a passive trust the legal and equitable titles are merged in the beneficiary by virtue of the statute of uses. G.S. 41-7. But if the trust is active they do not merge. *Phillips v. Gilbert,* 248 N.C. 183, 102 S.E. 2d 771; *Finch v. Honeycutt, supra; Fisher v. Fisher,* 218 N.C. 42, 9 S.E. 2d 493. The trust created by Mrs. Poindexter is an active trust and it does not violate the rule against perpetuities. It will continue until the purpose for which it was created ceases. *Welch v. Trust Co.,* 226 N.C. 357, 38 S.E. 2d 197; *Baker v. McAden,* 118 N.C. 740, 24 S.E. 531.

Finally, we consider item 3 of the will. In this item testatrix undertakes to dispose of her "personal property" outside the trust. She devised all of her property, after payment of debts and funeral expenses, in trust, and thereafter inserted item three freeing "personal property" from the trust. Where there is an irreconcilable difference between two clauses, the last will generally prevail as the latest expression of testator's intention. *Bank v. Corl,* 225 N.C. 96, 101, 33 S.E. 2d 613. It is therefore necessary to determine the meaning of the words "personal property" as used in item 3. We would be in a much better position to resolve the question had we been advised of the character and extent of the property of the estate. *Andrews v. Andrews,* 253 N.C. 139, 146, 116 S.E. 2d 436; *Hubbard v. Wiggins,* 240 N.C. 197, 209, 81 S.E. 2d 630.

Item 3 states: "Personal property to be owned and used by him (William H. Poindexter) as long as he should live and by his issue also. Then to go to my brothers and sisters the same as other property." It is clear that item 3 is dealing with a specific class of property. The "personal property" is to be "owned and used" by testator's son. The other property is to be held in trust. The testator refers to the trust property as "my property" and "my estate", using these terms interchangeably. Ordinarily the word "estate" as used in a will, unless restricted by the context, embraces a testator's entire property, real and personal, although the word in its primary technical sense refers to the quality of a person's interest in property. The meaning of the word "property" and of the words "personal property" varies according to the subject treated of and according to the context. *Trust Co. v. Wolfe,* 243 N.C. 469, 91 S.E. 2d 246. Every expression to be correctly understood ought to be considered with a view to the circumstances of its use. *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356. Courts have frequently held that the words "personal property" are susceptible of two meanings: one, the broader, including all property which is the

subject of ownership, except land or interests in land; the other, more restricted, oftentimes embraces only goods and chattels. If to give the words the more restricted meaning would give effect to all of the provisions of the will, such meaning will be adopted if, to give them the broader meaning, other items of the will would be impossible of execution. *Blakeman v. Hartwell,* 31 S.E. 2d 50 (Ga. 1944). These words, "personal property," have a popular meaning different from their technical meaning, and are frequently used as including goods and chattels only, and embracing such movable and tangible things as are the subject of personal use. Marin's Estate, 158 P. 2d 412 (Cal. 1945); *Bills v. Putnam,* 15 A. 138 (N.H. 1888). See 162 A.L.R. 1134; 137 A.L.R. 212. It is our opinion that the testatrix in the instant case used the expression in this popular sense. It is apparent from a cursory examination of the will that it is of the "homemade" variety and testatrix was not taking into account the technical meanings of words. She had in mind personal effects and tangible goods, chattels, and heirlooms which her son might personally possess and use, as distinguished from tangible business chattels of substantial nature and value, and intangible personal property such as deposits, stocks, bonds and choses in action. Our interpretation of the words "personal property" gives effect to all of the provisions of the will; a broader construction might defeat the execution of the trust provisions. It is our duty to uphold the will in all of its parts if we can legally do so. *Johnson v. Salisbury,* 232 N.C. 432, 61 S.E. 2d 327.

In our opinion testatrix intended that title to this personal property should be held and devolve in the same manner, as to quality, as the trust property — a life estate in William, remainder to his issue living at his death. The clause "then to go to my brothers and sisters" is limited by the added phrase "the same as other property." The qualifying phrase refers to the terms of the executory devise in favor of brothers and sisters, which has lapsed. Of course William owns absolutely the "personal property" *quae ipso usu consumantur,* for there can be no remainder interest in property which is consumed or dissipated in the use. *Williard v. Weavil,* 222 N.C. 492, 23 S.E. 2d 890. But as to personal property permanent in nature the generally accepted rule is that the same future interests that are permissible in the field of real property law are also permissible in the law of personal property. *Barton v. Campbell,* 245 N.C. 395, 95 S.E. 2d 914; *Woodard v. Clark,* 236 N.C. 190, 72 S.E. 2d 433. This is now the law by statutory enactment. S. L. 1961, Ch. 435 (codified as G.S. 39-6.3).

This cause is remanded that judgment be entered in accordance with

this opinion.

Error and remanded.

SHARP, J., not sitting.